## BEAR LAKE AND RIVER WATERWORKS AND IRRIGATION COMPANY, APPELLANT, *v.* OGDEN CITY, RESPONDENT.

WATER RIGHTS.—PIPE SYSTEM.—PROPERTY.—The water of a system of pipes for supplying water to a city for the purpose of selling the citizens thereof water for domestic and irrigating purposes, is personal property and not an appurtenance to land.

ID.—ID.—TAXATION.—Under a statute exempting from taxation water rights, which provides "all rights to the use of water and means of diverting water, shall be exempt from taxation in all cases where the land or other property upon which the water pertaining to such right [is used] is assessable for taxation," a water system for selling water to the inhabitants of a city and used in conveying water from a river to such city, is not exempt from taxation.

APPEAL from a judgment upon demurrer of the district court of the first district. The opinion states the facts.

*Messrs. Evans and Rogers,* for the appellant.

*Mr. James N. Kimball,* for the respondent.

SMITH, J.:

This action is to recover $1,084.33 with interest, paid by the plaintiff, under protest, to defendant, as taxes for the year 1891 upon plaintiff's water system in Ogden City, Utah. The complaint alleges, among other things, "that the plaintiff is, and was, during all the times herein mentioned, the owner, and in the rightful possession of a certain water system, designed and used for the purpose of conveying water from Ogden river into said city of Ogden, for the purpose of supplying the inhabitants

thereof with water for domestic use and irrigation purposes, and charging therefor." The complaint then alleges that this property was exempt from taxation, and that, to avoid taxation, plaintiff had paid the sum sued for, under protest, which had been levied as taxes on this water system for the year 1891. The defendant interposed a demurrer, assigning as cause for demurrer that the facts were not sufficient to constitute a cause for action. The demurrer was sustained, and judgment entered dismissing the action. From this judgment the plaintiff appeals.

The only question is whether or not the property described in that portion of the complaint above quoted is exempt from taxation. It is claimed to be exempt under the provisions of § 2784 of the Compiled Laws of Utah. That section is as follows: "All rights to the use of water, and means of diverting water, shall be exempt from taxation, except for the purpose of regulating the exercise of the use of such right, in all cases where the land or other property upon which the water pertaining to such rights is assessable for taxation. But in making the assessment the assessor shall estimate the increased value of such land, or other property, caused by the use of such water." Does the complaint state a case of exemption, under this statute? We think it does not. There is no allegation in the complaint that "the land or other property upon which the water pertaining to such right is assessable `for taxation." This clause and the entire statute is faulty, and almost meaningless; and yet it includes the only class of cases in which water rights and the means of diverting water, are exempt. The statute does not exempt such property in all cases, without any restriction, but does exempt that class of property in all cases where the land or other property is assessable; and the concluding clause of the section shows that the value added to the land by the use of the water must be added

by the assessor to the valuation placed on the land. It is evident that the intention of the legislature was to exempt the right to use water from taxation, where land or other property subject to taxation was directly benefited by such use, but in no other case. Water flowing in a natural stream or in a ditch is not subject to ownership, so far as the corpus of the water is concerned. The right to use it is a hereditament appurtenant to land. This is the right that is exempt from taxation in cases where the land to which it is appurtenant is subject to taxation.

But water in the pipes of a distributing system is personal property. The ownership is in the water itself. It was at common law, the subject of larceny, and it is not appurtenant to any land. Therefore, it is not within the exemption of the statute above cited. There is no error in the record.

Judgment affirmed.

ZANE, C. J., and BARTCH, J., concurred.