The opinion of the court was delivered by
McEnery, J.
The deceased, Robert Jackson, left a will in which he bequeathed to John O. Boland “five hundred dollars for faithful services to myself and late wife.”
This servant, John O. Boland, intsituted suit on 1st March, 1894, against the defendant succession, for three thousand eight hundred and fifty-five dollars, for services, at the rate of five dollars per day, rendered to the deceased and his wife, who died before the deceased, from November 25, 1891, to January 3, 1894. On December 3, 1894, Boland filed a suit, claiming the legacy of five hundred dollars. On the 13th of March, 1895, there was a consent or agreement that judgment should be rendered in favor of Boland for the legacy.
In the suit for wages, the counsel for Boland offered evidence to show the value of the services.
To the introduction of this testimony counsel for the executor objected, upon the ground that the legacy to plaintiff was in compensation of his wages in the way of a remunerative donation, which had been acquiesced in by the institution of the suit, and by consent to a judgment in favor of the legatee. After this objection, and with leave of the court, the counsel of the executor filed a supplemental answer in which he asked for a rejection of the demand of plaintiff, because he was estopped from making any claim for wages after having accepted the legacy. The objection to the filing of this amended answer was overruled, whereupon the attorney for plaintiff asked to withdraw the suit and the consent for a judgment in the case. This motion was denied, and judgment was rendered in favor of the legatee on the consent given by him.
Prom this judgment Boland appealed.
In the answer of the executor, it is stated that the plaintiff, Boland, was working under a contract for fixed wages, and that he had been paid all that was due him. If such a contract existed, and the services rendered by Boland were under it, it is clear that he can not sue on a quontum meruit. It is not necessary to say anything on the *1091 question, whether the legacy was or not a remunerative donation, or whether a remunerative donation can be made in the form of a testament.
Art. 1641, C. 0., says: “ A legacy made to a creditor shall not be ■deemed to be in compensation of the debt, nor a legacy made to a servant in compensation of his wages.” If the wages had been agreed upon, the disposition in the testament could have no force in defeating the claim for wages, and it is but a just interpretation to •say that the testator intended the legacy to be in addition to the ■stipulated wages in recognition of the services having been faithfully performed.
Hence, when the Code says that a legacy to a servant shall not be deemed to be in compensation of his wages, it has reference to fixed wages.
If the services rendered were not under contract, but open to proof of their value, they are a debt against the succession of the deceased. Some mention, therefore, must be made in the testament of the debt, and the testator’s intention must be gathered from the testament, whether he intended the legacy as a compensation for the debt. The word “deemed” used in the article simply means that no interpretation unfavorable to the creditor shall be placed upon the testament by the fact alone of the legacy to the creditor, It is a question of interpretation, and whether the testator intended the legacy to be in compensation of the debt must be construed from the terms used in the testament. Code Civil annote, Fuzier-Herman, Art. 1023, notes 1 and 2.
If the legacy from the terms of the testament is in satisfaction of the debt, the legatee must either accept the legacy or renounce his claim. Id., note 4.
If a creditor who, without having seen the testament by which the legacy is made to him, declares in a receipt that the legacy is made to him in compensation of his claim, he is not thereby debarred from demanding the payment of the legacy. Id., note 3.
Under the facts and circumstances of this ease we do not think by discontinuing the suit the plaintiff renounced the legacy, as it is not enpressly renounced in the motion. Nor do we think the consent that a judgment should be rendered in his behalf, should estop the plaintiff from claiming his wages under a quantum meruit, unless *1092 the testament shows that it was the intention of the testator to satisfy the debt by the legacy.
We conclude that, if there was a contract for stipulated wages, and the plaintiff had been paid all due him, he can not recover under a quantum, meruit. If, in the course of his employment, he performed services not strictly within the lines of his duties, and accepted the wages at different times, and made no claim for extra compensation, it is too late-after the death of the employer to setup such a claim against his succession.
We see no expression in the will of the testator’s intention that the legacy should be in satisfaction of any debt due by him to the plaintiff. But if the proof shows, on a retrial hereof, that the plaintiff had a contract for wages, and received the same without making a demand for services which possibly were beyond the strict line of his duties, it is reasonable to suppose that the testator, remembering these for which no compensation had been asked, and which could not be recovered against his succession, thought proper to give to Boland the sum of five hundred dollars for his faithful services.
It is therefore ordered, adjudged and decreed that the judgment herein be annulled, avoided and reversed.
It is now ordered that the case be remanded to the lower court, to be proceeded with in due course of law and the views herein expressed.