W. I. SNYDER, ASSIGNEE OF RASBAND BROTHERS, APPELLANT, v. JAMES S. MURDOCK, SHERIFF, JAMES R. MURDOCK, THOMAS NICOL, JOSEPH HATCH, JAMES W. CLYDE, AND ALVA M. MURDOCK, RESPONDENTS.

GENERAL ASSIGNMENT FOR CREDITORS—VESTS TITLE TO REAL AND PERSONAL PROPERTY. RULE UNDER SECS. 2473-4 R. S. 1898—STATUTE OF FRAUD DOES NOT NECESSARILY APPLY TO ASSIGNMENTS FOR CREDITORS. ASSIGNEE—FAILURE TO REDUCE PERSONAL PROPERTY TO POSSESSION—NOT FRAUD—WHEN. WATER STOCK.

*General Assignment for Creditors—Vests Title to Real and Personal Property.*
    In a general assignment for benefit of creditors the title to all real and personal property of the assignor, immediately vests in the assignee whether mentioned in the schedule or not.

*Rule Under Secs. 2473-4 R. S. 1898—Statute of Frauds—Does Not Necessarily Apply to Assignments for Creditors.*
    The rule that a sale or assignment of chattels, unaccompanied by a change of possession, is fraudulent *per se*, under Secs. 2473-4 R. S. 1898, as to execution creditors or subsequent purchasers of the vendor, does not necessarily apply to assign-

ments for the benefit of creditors, but unreasonable delay in taking possession, is a circumstance from which fraud may be inferred, unless explained.

*Assignee— Failure to Reduce Personal Property to Possession— Not Fraud—When.*

Where an assignee believed that certain water rights in the names of the assignors were appurtenant to the land and with it had passed to him, and that such land and water rights were subject to an action then pending, and explains, by such belief, his failure to reduce the certificates of water stock to possession, he is guilty of no fraud, and the assignment will not be set aside.

*Water Stock.*

Water stock in an incorporated company is personal property which may be transferred by assignment and by delivery of the certificate of stock, under Ch. 87, p. 304, Sess. Laws 1896.

Water appurtenant to land passes by conveyance of the land unless reserved; or such water rights may be treated as personal property and separately conveyed under Sec. 1281 R. S. 1898.

( Decided Nov. 8, 1899.)

Appeal from the Fourth District Court, Wasatch County, Hon. J. E. Booth, *Judge.*

This case involves practically the same questions as the next preceding case, excepting that one additional question in respect to certain water stock is herein raised. In the lower court defendant had judgment and plaintiff appealed. *Reversed.*

·*Bismark Snyder, Esq.,* and *W. I. Snyder, Esq.,* for appellant.

We submit that the water rights levied upon were appurtenant to the land, and if land passed by the assignment, the water right passed with it. R. S. Utah, 1898,

Sec. 1281; Comp. Laws, 1888, Sec. 2783; Laws Utah, 1897, p. 224, Sec. 21; *Cave* v. *Crafts*, 53 Cal. 135; Kinney Irr., ss. 267, 268.

But passing this question, if the water right was acquired before the statute, and could by any notion of property, be construed as *personal*, it was intangible, and as pleaded, without evidence of title in the form of certificates, the title would therefore pass to the assignee without any actual or constructive delivery of possession other than the delivery of the assignment itself, and notice would supply the place of the record, it being recorded as required by statute. *St. George's Church Society* v. *Branch*, 120 Mo. 226; *Faxon* v. *Durrant,* 9 Metc. (Mass.) 339; 3 Am. & Eng. Enc. Law, 2 ed. p. 40; *Stainback* v. *Junk Bros. L. & M. Co.*, 98 Tenn. 306; *Meeker* v. *Felts*, (N. J.) 23 Atl. R. 672.

In the following cases title was held to pass by mere delivery of the deed: *Pitman* v. *Marquardt*, 50 N. E. (Ind.) 894; *Atwood* v. *Ins. Co.*, 14 Conn. 555; *Houston* v. *Nowland,* 7 Gill. & J. (Md.) 480; *Wilson* v. *Carson*, 12 Md. 54; *Evans* v. *Dunkelberger*, 3 Grant (Pa.) 134; *Wells* v. *Hotchkin*, (Pa.) 23 Weekly Notes Cas. 26; 4 Cent. Dig. 1954.

We submit that the complaints each state a cause of action, and that the demurrers should have been overruled.

*A. C. Hatch, Esq., Wm. Buys, Esq.,* and *J. H. McDonald, Esq.,* for respondent.

Appellant nowhere alleges that the stock or water right is appurtenant to any land or lands whatever.

The stock is personal property. Chap. 87, laws 1896, Sec. 2208.

And unless delivery was made to the assignee at the time of the sale, or within a reasonable time thereafter, the title would not pass as against the creditors of the assignors. Statute of Frauds, Com. Laws, 1883, Sec. 2837.

We submit that, as against attaching creditors, the stock did not pass to the assignee by the deed of assignment. There being two descriptions in the deed, a general description and a schedule particularly naming, locating and describing the property intended to be conveyed, the law is that the property conveyed would be limited to that described in the schedule. Vol. 1, Am. & Eng. Ency. Law, 854; citing Burrill on Assignments, Sec. 98; Boone on Real Property, Sec. 331; Rapalje's Digest, Vol. 1, pp. 418, 419; citing *Scott* v. *Coleman*, 15 Dig. 71; *Wilkes* v. *Ferris*, 4 Dig. 364; *Mims* v. *Armstrong*, 1st Am. Rep. 22.

Even if the stock had been mentioned in the inventory, it would not have passed as against the respondents, without a delivery of the certificates properly endorsed, or a transfer upon the books of the corporation. Sec. 2280, p. 304, Session Laws, Utah, 1897; *Lippit* v. *Am. Wood Paper Co.*, Am. State Rep. Vol. 2, 886; *Young* v. *South Tredegor Iron Co.*, 4 Am. St. R. 753; *St. George's Church Society* v. *Branch*, 120 Mo. 226; Pom. Eq. Jur. Vol. 2, 2d ed. Sec. 669. See also, *U. S.* v. *Church*, 5 Utah, 538.

Miner, J.

The allegations in this complaint are substantially the same as are contained in the case of *Snyder, Assignee* v. *Murdock, et al.*, heretofore decided at this term, except that in this case 22 shares of stock in the Wasatch Irr. Company, a corporation organized and existing under the laws of this state, standing in the name of Heber Rasband,

and two shares of the same stock standing in the name of James Rasband, and one share of the same stock standing in the name of Frederick Rasband, the assignors.

It also appears that certificates for said stock had not been issued by the company, but that the same remained in the custody of the water company, and was transferrable only on the books of the company; that plaintiff believed until defendant Murdock levied his attachment on said stock that said stock was appurtenant to the land, and subject to an action then pending between plaintiff and part of the defendants, and therefore no immediate steps were taken to reduce the same to possession. Defendant Murdock levied upon, took possession, and sold the stock in Wasatch county. The complaint alleges demand, refusal to deliver the stock, and right of possession in plaintiff, as assignee.

The defendants entered their several demurrers to the complaint, which were sustained, and the complaint dismissed. This appeal is taken from the judgment.

Under Sec. 1281, R. S. 1898, the title to water rights appurtenant to land, pass by a conveyance of the land, unless expressly reserved in the deed, or such water rights may be treated as personal property and separately conveyed. *Bear Lake* v. *Ogden City*, 8 Utah, 494. By the provisions of Ch. 87, Sess. Laws, 1896, p. 304, Sec. 2380, stock is declared to be personal property which may be transferred by assignment in writing, and by delivery of the certificate.

The respondents contend that the water stock levied upon and sold by the judgment creditors, has never been taken into possession by the assignee, and was not included in the inventory attached to the assignment, and that such assignment was void under Section 2473–4 Rev. Stat. 1898.

Substantially the same question was passed upon in the case of *Snyder* v. *Murdock, et al.*, to which reference has been had.

An assignee for the benefit of creditors does not occupy the same position towards the personal property assigned to him as trustee for the benefit of creditors, as does a purchaser or attaching creditor of such property, with respect to the immediate delivery and change of possession of the same. Such assignee stands in the position of a trustee and holds the assigned estate for the benefit of all creditors of the assignor. In a general assignment the title to all real and personal property of the assignor, as we have seen under the facts stated in the previous case, immediately vests in the assignee whether mentioned in the schedule attached to the assignment or not, and it is his duty to reduce it to possession and distribute the same to creditors as provided by the statute. To do this the assignee should have sufficient time in which to obtain such possession. The rule that a sale or assignment of chattels, unaccompanied by a change of possession, is fraudulent *per se*, under Secs. 2473-4, Rev. Stat. 1898, as to execution creditors or subsequent purchasers of the vendor, does not necessarily apply to assignments for the benefit of creditors, but long delay in taking possession is a circumstance from which fraud may be inferred, but such inference may be explained and contradicted by proof.

The recording of the assignment and publishing notice thereof in the county where the property is located and the assignors resided, is intended to give publicity to the act of assignment, and operates as constructive notice to all persons that an assignment has been made. In addition to this actual notice of the assignment was given the

attaching creditors prior to the commencement of their suit.

The assignee, until the levy of the attachment, verily believed that the certificate of stock was appurtenant to the land belonging to the estate and passed with it to the assignee, and that such land with the water right was subject to an action between plaintiff and some other parties, which action was then pending, and therefore no immediate steps were thought necessary to reduce the certificates of stock into his actual possession. We are unable to discover any fraud or intentional wrong doing on the part of the assignee. So far as appears, he acted in good faith.

On the authority of *Snyder* v. *Murdock, et al., supra,* we are of the opinion that the stock passed under the deed to the assignee, and that he was entitled to the possession thereof, as against the attaching creditors. *Lowe* v. *Matson,* 140 Ill. 108; *Pitman* v. *Marquardt,* 50 N. E. 894; *Faxon* v. *Durrant,* 9 Metc. 339; *Meeker* v. *Felts,* 23 Atl. Rep. 672; *Church* v. *Branch,* 120 Mo. 226; *Billings* v. *Parsons,* 17 Utah, 22; Sec. 2085, Rev. Stat. 1898.

We are of the opinion that the court erred in sustaining the demurrer, and in dismissing the complaint.

The case is reversed and remanded with instructions to the district court to grant a new trial, overrule the demurrer, set aside the judgment, and proceed to trial on the complaint in accordance with this opinion.

Appellant is entitled to costs.

BARTCH, C. J., and BASKIN, J. concur.