JAMES A. GEORGE, Respondent, v. ALMON ROBISON
and JOSEPHINE ROBISON, Appellants.

DEEDS—GENERAL WARRANTY—DOES NOT COVER WATER RIGHTS NOT AP-
PURTENANT—WATER RIGHTS—REPRESENTED BY SHARES OF STOCK IN
CORPORATION—PERSONAL PROPERTY—HOW TRANSFERRED.

1. DEEDS: GENERAL WARRANTY: DOES NOT COVER WATER RIGHTS NOT AP-
PURTENANT. A deed of general warranty of "quiet and peaceable
possession" does not warrant water rights unless they are appurte-
nant to the land.

2. WATER RIGHTS: REPRESENTED BY SHARES OF STOCK IN CORPORATION:
PERSONAL PROPERTY: HOW TRANSFERRED. Water rights represented
by shares of stock in a water company are personal property, and
may be sold and transferred independent of any land, and the water,
represented by such shares, can not be considered as appurtenant to
the land upon which it is used.[1]

Decided January 3, 1901.

Appeal from the Fifth District Court, Millard County.—*Hon.
E. V. Higgins,* Judge.

Action to recover damages for a breach of warranty con-
tained in a deed. From a judgment for plaintiff, defendants
appealed.

REVERSED.

*C.W. Collins, Esq.,* for appellant.

---

[1]Sec. 330, R. S. 1898.   Snyder v. Murdock, 20 Utah 419—51 P. 91.

"It has been well settled that shares of stock are personal property, and not realty. A share of stock is not real estate, has nothing to give it the character of real estate, is not land, nor an hereditament nor an interest in either of them." Cook on Stocks (3 Ed.), sec. 12, p. 21; Tregear v. Etiwanda Water Co., 18 Pac. 658; 76 Cal. 537; First National Bank v. Hastings, 42 Pac. 691; 7 Col. App. 129.

Water in an incorporated company, owned by such company is personal property. Bear River Co. v. Ogden, 33 Pac. 135, 8 Utah 494; Snyder v. Murdock, 59 Pac. 91; Fisher v. Bountiful, 59 Pac. 691.

*Joshua Greenwood, Esq.,* and *D. D. Houtz, Esq.,* for respondent.

Water may or may not be appurtenant to land. Whether it is or not, depends upon the facts of its use.

The water in this creek for years has been used upon the land. It was appurtenant. Revised Stat., sec. 1281; Cave v. Craft, 53 Cal. 135; Tucker v. Jones (Mont.), 11 Pac. 517; Sweetland v. Olson (Mont.), 27 Pac. 337; Franks v. Hicks (Wyo.), 35 Pac. 475; Fercher v. Bountiful (Utah), 59 Pac. 520.

BARTCH, C. J.—This is an action to recover damages for a breach of warranty contained in a deed, conveying certain land with the appurtenances, executed by the defendants to the plaintiff, who claims that the water used to irrigate the land was appurtenant thereto, and was included in the covenant of warranty, and that he has been ousted and deprived of the use and enjoyment of the water. The land is situate in the town of Kanosh. The deed bears date October 26, 1894, and the plaintiff claims that he was deprived of the use of water

about May 1, 1897. At the trial, which was before the court without a jury, he recovered judgment for $115 and costs, and the defendants have appealed therefrom, and, among other things, have attacked the findings of fact, maintaining that there is no evidence to support them.

The most important question presented is, whether the water was appurtenant to the land. As to this the finding of the court is, as follows: "That at the time of the execution of said deed there existed certain water rights as appurtenant to said land, to-wit: Sufficient water in the Corn Creek Irrigation Company to irrigate the said lots and to produce agricultural crops on the same, and that the said water has been used to irrigate said lots ever since the year 1891, up to and including the time of the purchase of said lots and their appurtenances; that the said water formed a part of the appurtenances, and that its use was necessary to irrigate said lots. That in said deed the defendants warranted that they had a good and sufficient title in fee simple to said lots and the appurtenances and water rights thereunto belonging, and would defend the plaintiff in the use and possession of the same."

The covenants contained in the deed, which was introduced and admitted in evidence, so far as material here, read: "Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in any wise appertaining, * * * To have and to hold all and singular the above mentioned and described premises, together with the appurtenances, unto the said party of the second part, and to his heirs and assigns forever. And the said parties of the first part and their heirs, executors and administrators the said premises in the quiet and peaceable possession of the said party of the second part, his heirs and assigns, against the said parties of the first part, and their heirs, and against all and every per-

son and persons whomsoever, lawfully claiming or to claim the same, shall and will warrant and by these presents forever defend."

This is a general warranty of the "premises in the quiet and peaceable possession" of the grantee, but it will be noticed that nowhere in these covenants, nor is there anywhere in the instrument any express reference to water rights or water for irrigation or other purpose, yet the court found that water rights were included in the warranty. Were then the water rights, in fact, appurtenant to the land? If they were, the absence of any mention of them in the deed is immaterial, but if not, the warranty does not include them.

To determine the question thus presented, reference must be had to the evidence dehors the instrument of conveyance. From such evidence, it appears that the water which was used, for some years prior to and since the execution of the deed, and over which this controversy arose, was obtained from the Corn Creek Irrigation Company, a corporation organized in April, 1887, which company had distributed the water from Corn Creek, a stream flowing through Kanosh, among its stockholders; that the plaintiff was aware that the company was incorporated, and at times attended the meeting of the stockholders; that, to obtain water for irrigation, it was always necessary for a person to be a stockholder; that each share of stock entitled the owner thereof to water sufficient to irrigate one acre; that the plaintiff had no stock in the corporation, nor had the defendants any stock entitling them to water to irrigate that land; that the stock on which the water was distributed to the land at the time of the execution of the deed, was owned by Mrs. M. A. Dorrity; that on August 9, 1897, she sold it and had it transferred on the books of the company to the purchaser; that thereafter the purchaser had the right to use the water which the stock represented, and this deprived the plain-

tiff of its use; and that the plaintiff not only owned no stock in the corporation but never paid any assessment on the water, the assessments up to the time of the sale of the stock having all been paid by the vendee, Mrs. Dorrity.    Such is the trend of the evidence on this point, and it appears to be uncontradicted.    In fact, the fair result of the plaintiff's own testimony is to the effect that the water of Corn Creek, of which that in dispute formed a part, is and was owned and controlled by a corporation; that each share of its capital stock represented sufficient water to irrigate one acre; and that stockholders only were entitled to water for the purpose of irrigation.    There is nothing to show that any share of stock represented water for any particular acre of land.    So far as appears from the proof, each stockholder had the right to use the water to which he was entitled, on any land he saw fit.    Under such arrangements as are here disclosed by the testimony, the water can not be regarded as a part of the land, and it is not appurtenant to it.

The stock of such a corporation is mere personal property, and may be sold and transferred independent of any land, and the sale carries with it the right to use the water on any land or for any purpose the new owner may choose.    The stock is merely the evidence of the holder's title to a certain amount of water.    That it is personalty is settled in this state by statute. Sec. 330, R. S. 1898.    It is not corporeal but an incorporeal species of property, and has nothing which gives it the character of realty.    1 Schouler's Personal Property (3 Ed.), secs. 68, 482; 1 Cook on Stock and Stockh. and Corp. Law, sec. 12; Snyder v. Murdock, 20 Utah 419, 59 Pac. Rep. 91; Tregear v. Etiwanda Water Co., 76 Cal. 537.

From an examination of the evidence, the conclusion is irresistible that the water rights, in question, were treated by the owners as personal property, constituted no part of the realty, and not being expressly mentioned or referred to in

the deed, were not conveyed with the land, and that there is no proof that warranted the court in finding that the water was appurtenant to the land, or that the water rights were included in the warranty.

Having come to this conclusion, it is not regarded important to discuss any other question presented.

The case must be reversed, with costs, and remanded with instructions to the court below to set aside its judgment, correct its findings in accordance with the proof, and enter judgment accordingly.

It is so ordered. *Miner* and *Baskin, JJ.,* concur.