[No. 19122.   Department Two.   March 24, 1925.]

THE STATE OF WASHINGTON, *Respondent,* v. I. N. HOLMES, *as Clerk of the Superior Court, Thurston County, Appellant.*[1]

ATTORNEY AND CLIENT (6)—SUSPENSION—REGISTRATION FEES—ENFORCEMENT OF STATUTE. Under Rem. Comp. Stat., § 139-16, providing that the state board of law examiners shall enforce the law relating to attorneys, and other sections providing that the Attorney General shall represent them, the state has legal capacity to sue in an action to enforce collection of attorneys' registration fees, instituted by the Attorney General by a complaint verified by the law examiners.

SAME (6)—SUSPENSION—POWERS OF COUNTY CLERK. The provision in Rem. Comp. Stat., § 139-20, providing that attorneys failing to pay their registration fees shall be deemed suspended, means that they shall not practice law, and makes it the duty of the county clerk to refuse to file papers for an attorney until his registration fee is paid.

Appeal from a judgment of the superior court for Thurston county, Wilson, J., entered January 5, 1925, in favor of the plaintiff, upon overruling a demurrer to the complaint, in an action for an injunction. Affirmed.

*Roscoe R. Fullerton,* for appellant.

*The Attorney General* and *R. G. Sharpe, Assistant,* for respondent.

*Ewing D. Colvin* and *Howard C. Hanson,* amici curiae.

HOLCOMB, J.—This is an action to enjoin the clerk of the superior court of Thurston county from thereafter filing or accepting any papers, pleadings, documents or proceedings in that court in which any of the individuals described in exhibit "A" of the complaint appear as attorneys therein, except of such in-

[1]Reported in 234 Pac. 275.

dividuals as have registered and paid their registration fee for the year 1924 and prior years as required by law.

In substance the complaint alleges: that appellant is the clerk of Thurston county, and ex-officio clerk of the superior court of that county; that a large number of individuals have been admitted to practice law in this state who have, ever since and including the year 1918, resided in and had their places of practice in Thurston county, and have wholly failed to register and pay their annual registration fee of one dollar for the year 1924 and prior years, as required by § 139-20, Rem. Comp. Stat. [P. C. § 173], and that the names of such delinquent attorneys are shown by the book for such registration kept by appellant. That ever since February 1, 1924, appellant has followed the practice of filing in his office all documents, papers, pleadings and process pending in the superior court for Thurston county, even though the individuals purporting to practice as attorneys have wholly failed and neglected to register and pay such annual registration fee, although the state board of law examiners has demanded that he discontinue such practice. The complaint prays for a decree perpetually enjoining and restraining appellant from filing, in any proceeding thereafter begun or then pending in that court, any paper, pleading, or document in which any individual purports to practice as an attorney therein, if the party by whom such filing is offered has failed and neglected to pay his annual registration fee of one dollar for 1924 and prior years, during which such individual resided and had his office practice as an attorney in Thurston county. Exhibit "A," attached to the complaint, contains a list of twenty-eight persons who have been admitted to practice law in the state and have, ever since and

including the year 1918, resided in Thurston county and practiced therein.

Appellant demurred to the complaint on the grounds, (1) that the court had no jurisdiction of the subject-matter of the action; (2) that respondent had no legal capacity to sue; (3) that there was a defect of parties plaintiff; (4) that the complaint failed to state facts sufficient to constitute a cause of action.

The lower court overruled the demurrer, and appellant declining to plead further, judgment was entered as stated. Appellant then appealed to this court, but has favored us with no brief. The only brief we have in support of appellant's position is one by *amici curiae* by the office of the King county prosecuting attorney.

In the brief of *amici curiae,* many statements are made *de hors* the record to show the great difficulty in enforcing this statute in such a county as King. Of course, we cannot consider such matters outside of the record, and if we could, we consider them immaterial.

Respondent states that but two of the grounds of demurrer were seriously urged in the court below, to wit: that respondent had no legal capacity to sue, and that the complaint did not state a cause of action.

The complaint is verified by, and prepared and drawn on behalf of, the state board of law examiners, through its chairman. Section 139-16, Rem. Comp. Stat. [P. C. § 168], provides that the state board of law examiners shall enforce the law relating to attorneys. Other provisions of the statute relating to the state board of law examiners provide that the *Attorney General* shall represent them. This action was instituted by the office of the *Attorney General,* in the name of the state. We are satisfied that respondent had the right to bring such action and therefore has legal capacity to sue.

The action is founded upon § 139-20, *supra*, which reads: .

"Every attorney and counsellor at law of this state except judges, shall register annually with the clerk of the county in which he resides or has his place of practice, which registration may be done in person, by agent, or by mail, and shall state the name of the attorney, his address and the firm of attorneys with which he is connected, if any. The clerk shall provide a book for such registration and shall register the names therein alphabetically. In counties having a population of less than 125,000, the fee for each annual registration shall be one dollar to be paid into the state treasury for the general fund; in counties having population of 125,000 or more, the fee for each annual registration shall be two dollars, one-half of which fee shall be paid into the county treasury for the county law library fund; and the other half shall be paid into the state treasury for the general fund. An attorney who shall have failed to register before the first day of February in any year shall be deemed suspended as an attorney and counsellor at law until such registration shall have been made and the fee paid, but such suspension shall not be construed to affect the rights of litigants or others for whom the delinquent may act during suspension. If an attorney fail to register for two successive years and pay his registration fees, the county clerk shall notify the clerk of the supreme court, and the attorney; whereupon the attorney's name shall be stricken from the list of attorneys until all delinquent fees are paid."

Prior to that act, which was enacted in 1921 (Laws of 1921, § 20, p. 417), the law in force was the act of 1917 (Laws of 1917, § 23, p. 431), which provided that the fees should be the same in all counties, and did not contain the last clause above quoted, requiring the certification of the names of delinquent attorneys to the clerk of the supreme court, and that clause providing that " . . . any attorney who shall have failed

to register before the first day of February in any year shall be deemed suspended . . . until such registration shall have been made and the fee paid, . . ." However, the act of 1917 did provide that any attorney who failed to register before the first day of February in any year "shall be deemed to have forfeited his rights as an attorney and counselor at law in this state from such date until such registration shall have been made and fee paid."

*Amici curiae* contend that there exists no other authority in this state than this court to disbar or suspend an attorney, and that the same is a purely judicial function and cannot be imposed upon, nor performed by, an officer whose duties are purely administrative.

The law requiring such fees is a revenue measure. It is intended to be, so far as possible, self-executing. The duties required of the clerk of the county in regard thereto are in no wise judicial, but purely ministerial. The prescription of the statute is that, "an attorney who shall have failed to pay the fee and annually register *shall be deemed suspended*," etc. The meaning of the word "deem" is, to hold; consider; adjudge; condemn. Black's Law Dictionary. When by statute certain acts are "deemed" to be a crime of a particular nature, they are such crime, and not a semblance of it, nor a mere fanciful approximation to, or designation of, the offense. *Commonwealth v. Pratt*, 132 Mass. 246.

The law means that they shall not be allowed to practice law until they comply with the law. It is a condition imposed upon their continuance in practice. It needs no judicial proceeding to determine whether such attorney is delinquent in the payment of his registration fee, any more than it needs judicial proceedings to determine whether or not any filing fee required by law to be paid to the county clerk has been paid.

We have legislation providing that the names of corporations shall be stricken from the records of the secretary of state and the corporation dissolved for failure to pay annual license fees, unless reinstated under the statutory provisions, and we have held that such legislation is not unconstitutional as violative of the due process clauses of the state and Federal constitutions; and that a corporation, being merely a creature of the law, the privilege of being and acting as a corporation is contingent upon compliance with the law. *Hawley v. Bonanza Queen Mining Co.*, 61 Wash. 90, 111 Pac. 1073. See, also, *Peck v. Linney*, 97 Wash. 103, 165 Pac. 1080.

There is nothing in the law in question that is unreasonable or impossible of performance. It even saves the rights of litigants for whom such attorneys may be acting, from any prejudice during such suspension.

All that the law requires and all that was decreed was that, "the clerk shall not receive any paper, document, or pleading in which any individual purporting to practice as an attorney for the party, other than the individual himself for whom such filing is offered, has failed and neglected to pay his annual registration fee for the years 1918 to 1924, inclusive, during which he, to the knowledge of the clerk, resided and had his place of practice as an attorney at law in the county."

The uniform enforcement of this law in every county in the state will obviate most of the difficulties suggested in the brief of *amici curiae*.

The complaint states a cause of action. The decree is right and is affirmed.

TOLMAN, C. J., MITCHELL, MAIN, and MACKINTOSH, JJ., concur.