## BLACK v. JOHANSON.

No. 4939. Decided February 3, 1933. (18 P. [2d] 901.)

*W. B. Higgins*, of Fillmore, and *O. A. Tangren*, of Delta, for appellant.

*O. L. Huntsman*, of Salt Lake City, for respondent.

STRAUP, C. J.

This action in two counts was brought by the plaintiff against the defendant, in the record sometimes referred to as "Johnsen," sometimes as "Johnson," other times as "Johanson," to quiet title to a lot 10 rods by 20 rods described as lot 5, block 77, plat A, in Fillmore, Utah. The first count was an ordinary action to quiet title. By the second count it in substance is alleged that in 1923 the land was regularly assessed for taxes in the sum of $25.74 and that the taxes were not paid. All necessary steps are then specifically alleged with respect to the assessment and levy of taxes, the nonpayment of them, the publication of a delinquent list with contents and notice of sale, the sale for delinquent taxes, and in fact all the necessary steps up to and including the certificate of sale issued to the county, and after the period of redemption had expired, a tax deed to the county March 20, 1928; that in May, 1928, after due notice of publication as by law provided, the property not having been redeemed was offered for sale and was sold to the plaintiff for the sum of $129.55, including the accrued taxes, penalty, costs, and interest, and thereupon a quitclaim deed was by the county issued to the plaintiff. It is further alleged that the defendant claimed some interest in and to the property hostile and adverse to the alleged rights of the plaintiff.

An answer was filed to the first count denying the allegations therein except that the defendant claimed an interest in and to the property. The allegations of the second count were denied only on information and belief except as alleged by the defendant that he was the owner of the property. Not anything was alleged as to any irregularity or invalidity of the tax proceedings alleged in the complaint. The issues tried to the court were found in favor of the plaintiff and a

judgment rendered in her favor quieting the title in her. The defendant appeals.

The findings of the court as to the regularity and validity of the tax proceedings and as alleged in the complaint are not questioned. The findings are assailed in only two particulars: (1) As to a water right with the lands and used in connection therewith awarded to the plaintiff as an appurtenant to the land; and (2) that, as stated in the assignment, the evidence without dispute showed that the defendant was given permission to redeem the property from the tax sale; that

"he paid the taxes with a check of a third party which was accepted by the County Treasurer and was retained by him and not returned to the defendant, but was turned over to the County Attorney for proper action thereon, and that the Treasurer made demand upon the maker of the check for the amount of the check."

We thus need to review the record with respect to only such assignments. As to the first, the court found:

"that one city lot of water-right was assessed with the land described hereinbefore for the year 1923, and that said water-right was not and is not represented by any share or shares of stock in any corporation, association, or company, and that said water-right has been used upon the land for many years prior to 1923 and has been used continuously thereon since 1923 and is a part of the real estate and passes therewith."

The court thus, among other things, decreed "that the plaintiff was the owner and entitled to one city lot of water-right in Fillmore City, Utah, the same being part of and an appurtenant to the premises," the lot as described in the complaint, the findings, and in the decree. The finding is amply supported by the evidence. Indeed, there is no evidence to the contrary. The law is well settled in this jurisdiction that a deed to land in statutory form without reservation of the water conveys whatever right the grantor has to the water appurtenant to the land. *Anderson* v. *Hamson*,

50 Utah 151, 167 P. 254. Under the findings and the evidence the waters here constituted an appurtenant to the land. *In re Johnson's Estate*, 64 Utah 114, 228 P. 748; 2 Kinney on Irrigation and Water Rights (2d Ed.) § 1010, page 1798. The cited cases of *Snyder* v. *Murdock*, 20 Utah 419, 59 P. 91, and *George* v. *Robison*, 23 Utah 79, 63 P. 819 are not in conflict therewith. They involve different facts. The first assignments is thus overruled.

The second assignments is even less meritorious. As to that the court found:

"That Edward G. Johnson, during the month of April, 1928, appeared before the board of County Commissioners of Millard County and asked that his taxes be remitted to him to the extent of the penalty, interest and costs which had accrued thereon, and that the request was granted conditionally, that is, that the full amount of the taxes less the penalty, interest and costs be promptly paid; that prior to the 5th day of June, 1928 the defendant presented a check to the treasurer of Millard County whereupon the treasurer issued a receipt to the said defendant; that the check so presented by the defendant was by the drawee thereof dishonored and the same was returned to the Treasurer unpaid. That thereafter and before the date of the said sale to the plaintiff, the Treasurer made demand upon the defendant for the return of the said receipt and did cancel the same of record in his office and did offer to return the said check to the defendant upon the return of the said receipt."

That finding is also supported by the evidence without conflict. In addition thereto, it further was shown without dispute that when the county commissioners, after the redemption period had expired and before the premises were sold to the plaintiff, offered to remit the interest, penalty, and costs and to permit the defendant to redeem by merely paying the amount of the unpaid and accrued taxes and the offer accepted by the defendant, he thereafter procured a check from another, which the defendant testified was in the nature of a loan, amounting to several dollars more than the amount of the unpaid taxes, kept the check for several months, then tendered it to the treasurer, who took the check and gave the defendant a receipt for the taxes and paid the

defendant in money the excess of the check, but when the check was promptly presented for payment it was dishonored for want of funds and was returned to the treasurer. The treasurer thereupon notified the defendant and also the drawer of the check of such dishonor, demanded of the defendant the return of the receipt theretofore given him and of the moneys paid him. The check was not paid, nor did the defendant offer to make it good or pay the taxes, nor did he surrender the receipt or return the moneys theretofore given him. That kind of a transaction the defendant now contends constituted payment of the taxes. That it does not is clear. Nothing more need to be said about it.

The judgment of the court below is affirmed, with costs.

ELIAS HANSEN, FOLLAND, EPHRAIM HANSON, and MOFFAT, JJ., concur.