318 P.2d 633

**Hugh J. HATCH and Ardean Hatch, Plaintiffs and Appellants,**

**v.**

**Stephen ADAMS, Sarah Adams and Earl Adams, Defendants and Respondents.**

**No. 8644.**

Supreme Court of Utah.

Dec. 2, 1957.

Ralph & Bushnell, Elwood A. Crandall, Salt Lake City, for appellants.

Young, Young & Sorensen, Provo, for respondents.

WORTHEN, Justice.

Appeal from judgment of trial court holding that certain water represented by shares of water stock was not included with the sale of certain real estate from defendants to plaintiffs.

Some months prior to April 7, 1951, the defendant, Stephen Adams, listed his home and farm at Alpine, Utah, with a Utah County real estate office. A few days prior to April 7, 1951, plaintiffs were taken by a real estate agent to see the home and farm. Plaintiffs went again on the following day to defendants' home and farm to further inspect the same.

On or about the 7th day of April, 1951, the plaintiffs and defendants and the real estate agent met in the bank at Pleasant Grove, Utah, to close the deal. There had been prepared a uniform real estate contract and an escrow agreement. In each of these documents, following the description of the farm land, the following appeared: "Together with all buildings and improvements thereon and all water rights appurtenant thereto."

At the time of the meeting at the bank, with the knowledge of the parties, the escrow agreement was amended and following the words, "and all water rights appurtenant thereto" the following was inserted: "Lehi Irr. Co. Cert. Nos. 439D, 7 sh; 440D, 7 sh; Alpine Irr. Co. Cert.

No. 610, 36 sh." Thereafter the parties signed the uniform real estate contract and the escrow agreement.

At the time of the negotiations concerning the sale of the property described in the escrow agreement the defendants, Stephen and Earl Adams, owned 7½ shares of water stock in Provo Reservoir Water Users Company, which is the subject of the controversy between the parties. Plaintiffs contend that the water represented by said 7½ shares of stock was appurtenant to the land and therefore passed under the words: "And all water rights appurtenant thereto." Plaintiffs further contend that it was intended by the parties that the same was to pass.

The trial court upon stipulation of counsel permitted parol evidence to be offered with the reservation by defendants of the right to move to strike. At the conclusion of the taking of testimony the court struck the oral tesimony offered by plaintiffs, holding that the agreement was not ambiguous and that parol evidence was not permissible.

Our statute provides: "Water rights shall be transferred by deed in substantially the same manner as real estate, except when they are represented by shares of stock in a corporation, in which case water shall not be deemed to be appurtenant to the land * * *." [1]

In the case of Brimm v. Cache Valley Banking Company [2] this court held that the effect of the statute "was to establish a rebuttable presumption that a water right represented by shares of stock in a corporation did not pass to the grantee as an appurtenance to the land upon which the water right was used, but that the grantee could overcome such presumption if he could show *by clear and convincing evidence that said water right was in fact appurtenant* and that *the grantor intended to transfer the water right* with the land, even though no express mention of any water right was made in the deed. * * *" (Emphasis ours.)

There was substantial conflict in the evidence as to the extent of the use of the water on this land. The statute declares that such water shall not be deemed to be appurtenant to the land.

▉ Plaintiff, in our opinion, failed to establish by clear and convincing evidence that the water in question was appurtenant. The evidence was in conflict as to whether respondents had used the water in question on this land continuously after they acquired it. The evidence establishes that other water was used on the land in question. We are of the opinion that proof that water represented by water stock was used on certain land by the

1. Section 73-1-10, U.C.A.1953.

2. 2 Utah 2d 93, 269 P.2d 859, 864.

owner of the land during the entire period of his ownership of the land is not alone sufficient to rebut the presumption that such water is not to be deemed appurtenant.

If respondent had no other water than the 7½ shares in question so that the reference to appurtenant water could not refer to any other water, there would be presented a different situation.

We are of the opinion that the presumption that the water represented by the 7½ shares of stock did not pass to the grantee was not rebutted.

■ The trial court found that the water represented by the 7½ shares of stock in question was not appurtenant to the land, and we think the finding finds substantial support in the evidence.

There is a reasonable inference that the specific mention of the stock in the Lehi Irrigation Co. and Alpine Irrigation Co. must impliedly exclude the 7½ shares of stock in question. Plaintiff, Hugh Hatch, admitted on cross-examination that it was suggested that they put into the escrow agreement the water the plaintiff was to receive.

Defendant contended that shortly after the plaintiffs went into possession of the property purchased, plaintiffs and defendants entered into an oral contract which permitted plaintiffs to use the water in question in consideration of the payment by plaintiffs of the assessments levied against said water. Plaintiffs paid the assessments for the years 1951 and 1952. Approximately one month after receipt of the assessment notice dated November 16, 1953, plaintiff, Ardean Hatch, mailed the notice to defendant, Stephen Adams, with the following letter:

"Dear Mr. Adams:

"We have been waiting before sending this water slip so we could see Mr. Day and see how many hours we got for the 7 shares, but my husband was on days for quite awhile and he's been ill with the flue since before Christmas, so I thought I better mail it to you *and let you pay it.*

"Then if we find it would pay us to keep it *and you still have it* we can pay you. * * *" (Emphasis added.)

There can be no doubt that there is substantial evidence to support the trial court's findings. Judgment affirmed. Costs to respondents.

McDONOUGH, C. J., and CROCKETT, J., concur.

HENRIOD, Justice (dissenting).

I dissent since I think it was error to exclude parol evidence tending to show the water in question was appurtenant to the land, under a contract that did not

specify *what* water was or was not appurtenant thereto. The trial court said the evidence offered tended to change the terms of an unambiguous and certain contract. What is certain about the word, "appurtenant," without further explanation? What water, under the terms of *this* contract, was "appurtenant" and what water under the terms of *this* contract was not "appurtenant?" Plaintiffs introduced evidence, later stricken as being violative of the parol evidence rule,—a conclusion that I am convinced was erroneous,—to the effect that 1) the water represented by the certificate had been used on the land for nigh onto a half-century; 2) that the plaintiffs themselves had used it for two years; 3) had paid the assessments thereon; 4) that the land had good water rights *with* the 7½ shares but only fair *without* them; 5) that defendants said the water went with the contract during negotiations for sale; 6) that plaintiffs listed such water in a record jotted down at the time; 7) that the advertised $22,000 purchase price was jacked up to $23,500, according to defendants' purported statement, in consideration of plaintiffs obtaining full water rights; 8) that defendant said he had misplaced the certificate but would produce it later; 9) that the escrow representative, in the presence of all, stated the certificate would be produced by the grantor because the latter was an ex-bishop; 10) that the real estate agent confirmed such conversation; 11) that the shares were included in the realtor's worksheet, and that he included the shares on the back of the listing agreement.

All of this evidence tended, not to alter any term of the contract, but to explain what water was to be included in the word, "appurtenant," there being no water specified in the contract other than as being "appurtenant." I challenge anyone to point to any word, phrase, paragraph, condition, term or anything else in the contract that such evidence tended to change, alter or modify in any way other than to explain what the word, "appurtenant," was intended to mean by the parties thereto. It certainly did not tend to change the word, "appurtenant," to any other word, or to change any specific water right mentioned in the contract, since none was mentioned.

The trial court in my opinion, was inconsistent in striking down the evidence which he claimed violated the parol evidence rule, while at the same time admitting the escrow agreement, which was introduced for exactly the same purpose, —to explain the contract. The escrow agreement was a separate and distinct document and had no more probative dignity than the evidence offered by the plaintiffs. Such evidence is identical in probative quality in explaining or modifying the contract as was that offered by the

plaintiffs. If the *plaintiffs'* evidence tended to *modify* the contract, so did the defendants'. If *defendants'* evidence tended to *explain* the contract, so did the plaintiffs', and no amount of logic can come to any other conclusion.

To further illustrate the inconsistency of the trial court's action in this case, in which apparently he considered the listing of the water stock in the escrow agreement as determinative of that included in the word, "appurtenant," in the sale contract, he failed to note that 40 shares of Deer Creek water, *not* listed in the escrow agreement was conceded to have passed with the contract under the "appurtenant" provision. If such water passed under such clause, why would it be strange to admit evidence to show that the 7½ shares likewise were intended to pass under the same provision? The stricken evidence tends to prove the 7½ shares were intended to pass under the "appurtenant" clause exactly as the parties conceded occurred with respect to the Deer Creek shares.

Both sides cite the Brimm case. This writer dissented in that case on the ground that a statute obviously designed to clarify, not obscure, water rights, was interpreted by the main opinion to substitute one presumption for another, which latter presumption the statute obviously intended to eliminate. What the Brimm case did, in the light of a clear, unambiguous statute, was to answer the question as to who was entitled to the water evidenced by a stock certificate simply by shifting the burden of proof from the certificate holder to the possessor of the land, and again no amount of logic can come to any other conclusion. After the Brimm case it became impossible for the practitioner to examine an abstract of title without pointing out that where incidental water rights, past, present or future, are evidenced by a stock certificate, such rights cannot be determined unless and until the presumption of ownership in the certificate holder has been adjudicated in perhaps an expensive lawsuit,—all without benefit of any protecting limitations statute. The case should be reversed so as to breathe life into a statute pronounced dead by this court, which obviously was designed to clear up water rights, rather than to obscure them with a presumption.

If the Brimm case is not reversed, this case should be remanded with instructions that the trial court consider the evidence stricken as rebutting evidence and to enter findings and conclusions thereon, one way or the other. In this respect, under the state of the record, it is my opinion that a jury or judge as arbiter of the facts depending upon what evidence is believed well might conclude in favor of either of the parties.

WADE, Justice (dissenting).

I concur with the dissenting opinion of Mr. Justice HENRIOD, except his criticism of the Brimm case decision. There is nothing inconsistent with the holding in the Brimm case and Mr. Justice HENRIOD'S contention in this case that the evidence which was stricken merely explains what the word, "appurtenant," as used in the contract was intended to include. In fact the holding in the Brimm case is obviously consistent with the use of the stricken testimony in this case. Even more so than what Mr. Justice HENRIOD contends should have been held in that case.

One further comment: The prevailing opinion relies on the finding of the trial court that these shares of water stock were not appurtenant to the land. I have no doubt that there was sufficient evidence to support that finding and that it would be binding on this court if the trial court had not stricken plaintiffs' evidence on that question from the record. However, the fact that the court struck that evidence from the record is a holding that such evidence should not be considered in determining the issue of whether such water was appurtenant to the land. If the evidence was erroneously stricken we are not bound by a finding of the trial court which was not based on all admissible evidence.