329 P.2d 285

Hugh J. HATCH and Ardean Hatch, Plaintiffs and Appellants,

v.

Stephen ADAMS, Sarah Adams and Earl Adams, Defendants and Respondents.

No. 8644.

Supreme Court of Utah.

Aug. 25, 1958.

Ralph & Bushnell, Elwood A. Crandall, Salt Lake City, for appellants.

Young, Young & Sorensen, Provo, for respondents.

WORTHEN, Justice.

We granted a rehearing in this case to permit counsel to fully present their contentions particularly as to evidence offered, and by stipulation received and later stricken by the court. The reader is referred to this case as heretofore reported.[1] In addition a more detailed reference to the testimony offered and stricken will be made.

In our former opinion we observed:

"The trial court upon stipulation of counsel permitted parol evidence to be offered with the reservation by defendants of the right to move to strike. At the conclusion of the taking of testimony the court struck the oral testimony offered by plaintiffs, holding that the agreement was not ambiguous and that parol evidence was not permissible."

A further review of the record discloses that defendants limited their motion to strike to evidence other than that which tended to show that the water represented by the $7\frac{1}{2}$ shares was appurtenant.

---

1. 7 Utah 2d 73, 318 P.2d 633, 634.

It is defendant's position, with which the trial court agreed, that the evidence proffered by plaintiffs went beyond the issue just stated, seeking to prove by conversations that by the use of the term "appurtenant" it was meant to include the 7½ shares of Provo Reservoir water, notwithstanding our statute which declares that when water rights are represented by shares of stock in a corporation said water shall not be deemed to be appurtenant. Plaintiff did not allege mutual mistake or seek to reform the contract to include said stock.

The situation presented to the trial court can be demonstrated as follows:

■ A conveys Blackacre together with the house, barn and other buildings appurtenant thereto. Upon dispute it is proper to prove that a garage, a shed or any other building actually built upon and attached to the land in the usual sense is appurtenant to and part of the realty and passed with the conveyance.

On the other hand, the grantee cannot vary the term used by seeking to prove that by the use of the word "appurtenant" the parties actually intended to include an automobile kept in the garage, or other property as would not in law and in fact be deemed to come within the meaning of the term appurtenant.

There is some confusion in the record as to just what the motion made by the defendants was and what the ruling of the court was. However, the reasonable deduction to be made from the record is that the defendants did not move to strike, and the trial court did not strike evidence pertaining to the issue of appurtenancy.

■ We must assume that the trial court considered all evidence offered to show that the water represented by the 7½ shares was appurtenant, and excluded from his consideration only evidence which had the effect of varying the terms of the written agreement. The court resolved the issues in favor of the defendant. The ruling of the trial court is sustained by substantial evidence.

We stated in our former opinion which opinion we reaffirm:

"Plaintiff, in our opinion, failed to establish by clear and convincing evidence that the water in question was appurtenant. * * *"

As indicated in our former opinion, it is quite impossible to reconcile plaintiffs' position that it was understood that the stock was to pass to plaintiffs, with the admission contained in the letter from Mrs. Hatch, one of the plaintiffs, to the defendant, Mr. Adams.

Judgment affirmed. Costs to defendants.

McDONOUGH, C. J., and CROCKETT, J., concur.

HENRIOD, Justice (dissenting).

I dissent, re-affirming what I said in the former case (318 P.2d 633), adding however, that I think the main opinion here, without any warrant, has changed the complexion of the whole case. I am of the further opinion that the majority opinion here will not find support in the record.

After setting out the issue enunciated in the former case, it is constricted by the present decision, when it is said

"A further review of the record discloses that defendants limited their motion to strike to evidence other than that which tended to show that the water represented by the 7½ shares was appurtenant."

Such constriction, somewhat unlike the issue posed in the former case, at least is a clear statement of the extent to which the main opinion says the defendants' motion to strike went. Such clarity becomes obscure a few paragraphs later, when the opinion asserts that:

"There is *some confusion* in the record *as to just what the motion made by the defendants was* and what the ruling of the court was."

The main opinion points to nothing to establish either the first quoted assertion or the last one. However, I am in agreement with the statement that the motion to which I think the opinion alludes, is confusing, and one to which the trial court did not direct its ruling. On the other hand I am of the opinion that there was absolutely nothing confusing as to what the ruling of the court was, as I will attempt to demonstrate hereinafter.

Before the trial in this case was two minutes old, the plaintiff Hatch was asked several preliminary questions, including whether he had talked to the realtor and the Adamses, and whether he had seen the property, all of which led up to the following:

"Q. Did you again inspect the property? A. Yes Sir.

"Q. Did you have any discussion with Mr. & Mrs. Adams?

"Mr. Young: Just a minute, we object to that as being immaterial, not within the issues of this case and *an attempt to vary the terms of the contract* by testimony. Is there any question about that?

"Mr. Bushnell: I think there is a serious question * * *

"The Court: I assume you are *going into the negotiations?*

"Mr. Bushnell: Going into the negotiations. It's our position we are not attempting to vary the terms of the contract.

*   *   *   *   *   *

"Mr. Young: If your Honor please, counsel and I have discussed this mat-

ter, and also with your Honor, and in order to avoid another trial in this matter, if your Honor should rule with us, we have agreed to recommend to your Honor, that is, counsel and I have, reserved a ruling upon the matter, subject to all this testimony which is included under our objection, be later stricken.

\*     \*     \*     \*     \*     \*

"The Court: The record may show that your objection goes to all the testimony which tends to vary the written instruments in this case \* \* \* The ruling will be reserved."

Counsel for plaintiffs then launched into a line of questioning having to do with the negotiations between the parties prior to the sale, and as a result of such line of questioning, facts ultimately were elicited to the effect, as I mentioned in my former dissent, that:

"1) the water represented by the certificate had been used on the land for nigh onto a half-century; 2) that the plaintiffs themselves had used it for two years; 3) had paid the assessments thereon; 4) that the land had good water rights *with* the 7½ shares but only fair *without* them; 5) that the defendants said the water went with the contract during negotiations for sale; 6) that plaintiffs listed such water in a record jotted down at the time; 7)

that the advertised $22,000 purchase price was jacked up to $23,500, according to defendants' purported statement, in consideration of plaintiffs obtaining full water rights; 8) that defendant had said he had misplaced the certificate but would produce it later; 9) that the escrow representative, in the presence of all, stated the certificate would be produced by the grantor because the latter was an ex-bishop; 10) that the real estate agent confirmed such conversation; 11) that the shares were included in the realtor's worksheet, and that he included the shares on the back of the listing agreement."

The above facts were adduced by the very testimony toward which the objection was directed, and there can be no question but that the trial court sustained *this* objection, not the confusing one to which the main opinion apparently directs its attention. In sustaining this objection, the trial court ruled out all of the above mentioned testimony as parol evidence that attempted to vary the terms of the contract with respect to what water went along under the plain term "appurtenant."

Counsel for defendants, and apparently the main opinion, rely on a motion, where, after the earlier objection had been made on the grounds of violation of the parol evidence rule, which the parties stipulated might be reserved for later ruling, and *after all of the plaintiffs' evidence, which*

*had been objected to, was in,* counsel for. defendant stated:

"At this time, the Defendants move to strike the testimony of any and all witnesses which had to do with what Mr. Adams has purported—Mrs. Adams purported to have told any of them respecting the number of shares of water stock, or respect to the price. In other words, we move to strike anything offered by any of these evidences, except that testimony which has to go —has to do with the question of what was appurtenant to the land, such as the testimony of Mr. Day, *and one other witness.* We move to strike all other testimony."

The confusion of the motion, adverted to by the main opinion, is apparent and conceded.

That it was the unrestricted motion made earlier in the trial, upon which the court ruled, is made perfectly obvious by the trial judge himself, when, in a recorded, written ruling he said:

"In this matter the plaintiffs offered testimony as to *preliminary negotiations* of the parties prior to their entering into a real estate purchase contract. The defendants objected to the testimony as being *within the 'parol evidence rule.'* The court, *pursuant to a stipulation of counsel admitted the testimony* subject to defendants' objec- tion. The Court now concludes that the objection was well taken and the testimony offered by the plaintiffs is ordered stricken."

The very wording of this ruling makes it crystal clear that he was ruling on the motion made at the beginning of the trial, not at the end of plaintiff's case, since he stated that he *admitted* the evidence (which could not have been done after plaintiffs rested), *pursuant to a stipulation of counsel* (which was entered into at the beginning of the trial, there being no stipulation entered into by counsel at the end of plaintiff's case, as the record clearly will show).

In ruling as he did on the previous motion, the court held that all of plaintiffs' evidence with respect to what water the parties intended to include in the contract, and of necessity, in the word "appurtenant," (since that is the only word having any significance therein with respect to water rights), was parol evidence. Since such parol evidence was stricken by the court, the judge could have had absolutely nothing in mind other than that it was evidence attempting to *alter* the contract, and therefore *alter* the word "appurtenant." It is suggested that contrariwise, it is completely obvious that the evidence attending the preliminary negotiations that produced the facts mentioned hereinabove, in no way was designed to *vary* any term of the contract, but simply was designed to *explain* what the parties had in mind when they

used the word "appurtenant." In this connection, it was conceded that other water evidenced by 40 shares of stock was intended by the parties to be and was included within the term "appurtenant" without being mentioned either in the contract or in the escrow agreement, just as the 7½ shares, subject to this suit, were not so mentioned. Had there been a jury in this case and had the stricken evidence been allowed to remain, the jury well may have concluded that the sellers intended and the buyers expected the water to go along with the deal. It seems inescapable to conclude other than that the court erred, and in this respect it is suggested that it is impossible to *alter* the word "appurtenant," although it is easy to *explain* it,—a thing the stricken evidence was designed to do.

The main opinion seeks to justify its conclusion with a couple of examples. A casual examination thereof shows the fallacy and illogic of any attempt to create any analogue between them and the instant case. In the first example, all of the "appurtenances" mentioned are realty and inseparable in the legal sense. In the second, the "appurtenances" mentioned are poles apart, one being realty and the other being personalty. In our instant case we are concerned with likes, not opposites, since water, historically and legally, always has been considered as an appurtenance to land upon which it is used, as fixtures have been so considered. No one would suggest that

a moving vehicle had any characteristic of inseparability with the soil as to be historically and legally the subject of a feoffment.

The court erred in striking the evidence, and this case should be remanded for further proceedings. (Italics supplied.)

WADE, J., concurs in the dissenting opinion of HENRIOD, J.