## UNITED STATES v. DAVIS et al.
### No. 1358.

District Court, W. D. Missouri, S. D.
Sept. 30, 1930.

Harry L. Thomas, Asst. U. S. Atty., of Kansas City, Mo., for the United States.

Milo A. Lang, of Joplin, Mo., Allen McReynolds, of Carthage, Mo., and George B. Lang, of Joplin, Mo., for defendants.

OTIS, District Judge.

On January 20, 1920, the A. L. Davis Lumber Company sold all of its assets, in the same year liquidated, and was dissolved December 30, 1920. From the sale of its assets it realized a net gain of $54,045.01, reduced to money January 20, 1920. On January 30, 1920, a dividend in the amount of $60,000 was paid the stockholders. Of this amount $54,045.01 was the gain realized from the sale of assets on January 20, 1920.

1. If the $60,000 dividend of January 30, 1920, is deducted from the capital and surplus for the year 1920, the taxable income of the company is proportionately increased for that year, and the additional tax demanded in count II of plaintiff's petition is concededly legally due. The whole controversy here is as to whether it was properly so deducted.

Section 201 (e) of the Revenue Act of 1918, 40 Stat. 1060, provides that "Any distribution made during the first sixty days of any taxable year shall be' deemed to have been made from earnings or profits accumulated during preceding taxable years. * * * "

■ Now, the fact is that of the $60,000 distributed January 30, 1920 (and therefore within the first sixty days of 1920), $54,045.-01, was not "from earnings or profits accumulated during preceding years" but was a profit realized in 1920. Must it be conclusively presumed, despite the fact, that the distribution of the $54,045.01 referred to was from earnings or profits accumulated during preceding years? The answer depends on the meaning of the word "deemed" as used in the statute. If that word is equivalent to "conclusively presumed," the plaintiff must prevail. On the other hand, if, as defendants argue, it means no more than "supposed" or "presumed until the contrary is shown," the defendants should have judgment.

My view is that the construction contended for by plaintiff is the right one. I can add nothing to what was said by Judge Cooper of the Northern district of New York in Harder v. Irwin, Collector (D. C.) 285 F. 402, as to the true meaning of the word. It was held by him that the word "deemed" must be construed as raising a conclusive presumption.

■ 2. Defendants suggest in briefs that if the statute is so construed it is invalid. The issue of constitutionality, however, is not raised in the answer (a mere general denial) and I do not consider it. 12 Corpus Juris, 784.

■ 3. The liability of the defendants is not affected by the fact that this is a proceeding in equity. Their liability is determined by the statute. Whether in law or equity the meaning of the statute is the same.

I find the facts to be as stipulated by the parties, and conclude from them, as a matter of law, that the defendants are liable as to both counts for the amounts prayed, with interest. An appropriate decree may be submitted for approval and entry.