GENEVIEVE WYKA v. COLT'S PATENT FIRE ARMS MANUFACTURING COMPANY.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Submitted on briefs April 14—decided May 8, 1942.

*Paul W. Adams* and *Richard S. Havourd,* on the brief for the appellant (defendant).

*Frank R. Odlum,* on the brief for the appellee (plaintiff).

MALTBIE, C. J. The defendant has appealed from a decision of the Superior Court sustaining the unemployment compensation commissioner in ruling that the plaintiff was entitled to recover unemployment compensation. The plaintiff, twenty-one years old and unmarried, had been employed by the defendant from May 25, 1939, until September 20, 1940. On the latter date she ended her employment to become a regularly enrolled student at Temple University. She took a one-year course in dental hygiene, completing it on June 12, 1941. She then returned to Hartford and on July 6, 1941, registered for work. Not being able to obtain it, she claimed benefits under the unemployment compensation act. The examiner ruled that she was not entitled to them because of a provision in the act that an individual shall be ineligible for benefits "if it shall be found by the administrator that he has left employment to attend a school, college or university as a regularly enrolled student." General Statutes, Sup. 1941, § 718f(b)(6). The commissioner overruled the examiner, interpreting the provision to

mean that, while one who had left his employment in order to attend a school, college or university could not receive compensation for the period while he was in attendance at that institution, he would have a right to receive it if he was otherwise qualified when he had completed his course there and become available for employment; and this interpretation was followed by the trial court.

In order to appreciate the issue presented, it is necessary to refer to the general scope of the act. The basic condition for the award of benefits to an unemployed person is that he has been paid wages during the "base period" for his current "benefit year" in an amount at least equivalent to $144, including only wages with respect to which contributions have been paid or are payable. General Statutes, Sup. 1941, § 718f(a)(3). The act is not designed to afford payments to one who has never been gainfully employed. In order to receive compensation he must have earned wages to the amount stated during the "base period" for the year for unemployment in which he claims benefits. The statute defines the "benefit year" as between two fixed days and the "base period" as the calendar year next previous to the beginning of the "benefit year." General Statutes, Sup. 1941, § 715f. There is no right to compensation for unemployment unless, within the calendar year next before the "benefit year," compensation to the amount stated has been earned. It should also be noted that one is not debarred from compensation because he has voluntarily left his employment unless the administrator shall be of the opinion that it was "without sufficient cause connected with his employment"; and even if the administrator does so find or if he has been discharged for willful misconduct in the course of his employment he is denied compensation only for the week

in which he left his employment and the four following weeks. General Statutes, Cum. Sup. 1941, § 718f(b)(2).

It thus appears that one who has earned wages to the amount stated during the first few weeks of a "base period" and has then voluntarily left his employment, or even been discharged for willful misconduct, can spend his time as he will, in complete idleness if he chooses, until almost two years have elapsed and can then become eligible to receive compensation. It would be strange indeed if the legislature intended that a young person who has been a wage earner for a considerable period of time and is ambitious to better himself by seeking further education should be excluded from the benefits of the act when, had he been a mere idler or even engaged in some nefarious enterprise for a like period, he could receive them. Indeed, if the construction of the provision claimed by the defendant is to be adopted, it would lead to the absurd result that the legislature intended forever to exclude from the benefits of the act a young person who left his employment to secure a better education, even though he otherwise met its requirements. Had that been intended, the natural place for the provision would have been in that section of the act excluding certain employees from its provision rather than in a section which deals with temporary disqualifications to receive compensation. In order to avoid such results we are justified in scrutinizing the language of the act with the greatest care in the effort to ascertain the real intention of the legislature.

The portion of the statute, § 718f(b), entitled "Disqualifications" states six grounds, other than the one we are considering, for refusing compensation. As to four of these the statute reads that "An individual shall be ineligible for benefits . . . during the week"

when the cause exists, with an additional period of four weeks thereafter in the instance we have previously noted. As to another ground of disqualification the act reads: "An individual shall be ineligible for benefits (1) if the administrator shall find" that under certain conditions he has failed to apply for work or to accept available work, "such ineligibility to continue for the week in which such failure occurred and for the next four following weeks." As to the remaining ground, the statute reads: "An individual shall be ineligible for benefits . . . if it shall be found by the administrator that total or partial unemployment is due to pregnancy, provided, in any event, no woman shall be eligible to receive benefits within two months before childbirth and within two months after the date of childbirth." Of all these provisions the last nearest approaches in language the one before us.

The basis of an award of compensation is a claim made for it by the unemployed person which comes for determination before the administrator or an examiner designated by him, with an added provision for a later review of any award made by one or the other of these officials. General Statutes, Cum. Sup. 1939, § 1341e(b), (d). The finding referred to in the provisions for disqualification is that made when the application comes before the administrator or examiner for determination. Under the provision concerning pregnancy the question is whether the unemployment for which compensation is then claimed "is due" to that cause; if it was due to it at that time, the woman is not entitled to compensation, although on another application for review a short time later the question would be answered, if presented at all, in the negative, and she would be entitled to it. The use of the present perfect tense "has left" in the provision in question becomes significant in considering the act as a whole. It

tends to center thought upon the unemployment for which compensation is presently sought. Had the legislature intended a broad disqualification, it would naturally have used the single word "left." We are satisfied that what the legislature meant is that if, when an application is made for compensation, the administrator finds that the unemployment for which it is claimed is due to the applicant's having left his employment to attend a school, college or university compensation must be denied, but if, as in this case, the applicant has completed his studies and has again become available for employment, he is to be treated as would any other applicant. It follows that the commissioner and the trial court were correct in ruling that the plaintiff was entitled to compensation.

There is no error.

In this opinion the other judges concurred.