## THOMAS F. HIGGINS
*vs.*
## LANDERS, FRARY & CLARK

(Appeal from Unemployment Compensation Commissioner)

Superior Court            Hartford County            File No. 70148

MEMORANDUM FILED NOVEMBER 23, 1943.

*Thomas F. Higgins, pro se,* for the Appellant.

*F. A. Pallotti, Attorney General* and *Harry Silverstone, Assistant Attorney General,* for the Appellee.

KING, J. The plaintiff-appellant is a layman and appeared without counsel. He had witnesses in court and obviously supposed that the court had the right to hear them and retry,

*de novo,* the questions of fact already presented before the Commissioner.

The law allows a man to try his own case, just as it allows him to set his own arm if he breaks it. But as a practical matter, efforts of a person, however great his intelligence and education in other fields, to attempt to perform the functions of a member of a highly specialized profession requiring years of learning, constitute an undertaking fraught with many difficulties, and one which imposes an especial burden on the trier. So obvious is this, that the will of the People, expressed through their General Assembly, forbids such an undertaking except in one's own behalf.

According to the statement of the appellee's counsel the monetary amount involved in this appeal is less than $20 and the appellant has long since obtained a better job than he had before, so that he may have thought that under these circum-stances he would be justified in attempting to proceed without professional assistance.

In the confused presentation necessarily incident to the attempt as made, it appeared that the appellant's complaint, in the first instance, was that had he produced further wit-nesses before the Commissioner he believes that a different re-sult would have been obtained.

There is nothing in the transcript to show that these wit-nesses were unavailable or that there was any reason other than inertia, for their non-production. Nor was any other reason ascribed. The appellant was also admittedly a few minutes late for the hearing, and made no effort to notify the Commissioner in advance that he would be late, nor did there appear any reason for his being late. However, this is im-material since a full hearing was had after his tardy arrival as the transcript abundantly demonstrates. This is a situation where the appellant was careless and indifferent to the pro-ceedings before the Commissioner until he had lost his case, whereupon he bestirred himself and took an appeal without any real understanding of what an appeal is, nor of the limita-tions on the court's power of review which the People, through the General Assembly, have prescribed.

Like our Workmen's Compensation Act, the Unemployment Compensation Act should be liberally construed, and in pur-

suance of this policy, and in view of the lack of professional representation, the court allowed the appellant unbridled latitude in stating the grounds of his complaint against the Commissioner's action.

Although no grounds for review were assigned in the appeal, it appeared that the real grievance was that the Commissioner has improperly found that it had been affirmatively proven (*Wyka vs. Colt's Patent Fire Arms Mfg. Co.*, 129 Conn. 71, 73) that the appellant had voluntarily left his employment without sufficient cause connected with his employment under section 718f (b) (2) of the 1941 Supplement to the General Statutes.

Under section 1341e (j) of the 1939 Supplement to the General Statutes the appeal is to be determined under the same system of review as is provided in appeals under the Workmen's Compensation Act.

It remains to apply this system of review.

(a) It is abundantly clear from an inspection of the finding and award that no inconsistency appears between the ultimate and subordinate facts contained in it, and that none of the ultimate facts were unsupported by the subordinate facts, nor were any ultimate facts omitted, the finding of which the subordinate facts required.

(b) It is also abundantly clear from an inspection of the transcript that no subordinate facts which were admitted or undisputed could be added to the finding and award, nor were there any subordinate facts in the finding which could be eliminated as having been found without evidence.

(c) There is nothing indicating that the finding was in any respect even unreasonable, to say nothing of its being so unreasonable as to justify judicial interference.

This disposes of the appeal except for one aspect. *Civitello vs. Connecticut Savings Bank,* 128 Conn. 621, 625.

In pursuance of the liberal policy of the Act, the case should still be remanded to the Commissioner if the court is of the opinion that, through inadvertence or otherwise, the facts have not been sufficiently found to render a just judgment. *Herbst vs. Hat Corporation of America,* 130 Conn. 1, 4. A searching and sympathetic inspection of the transcript and

consideration of the appellant's claims shows nothing to justify a remand under this principle.

Judgment may enter affirming the finding and award, *in toto*, and dismissing the appeal.