CORNELL, ADMR., BUREAU OF UNEMPLOYMENT COMPENSATION, APPELLANT, *v.* SCHROEDER ET AL., APPELLEES.

(No. 7654—Decided November 24, 1952.)

*Mr. C. William O'Neill*, attorney general, and *Mr. William A. Banks, Jr.*, for appellant.

*Mr. Gordon H. Scherer*, for appellee Irma Schroeder.

*Mr. C. William O'Neill*, attorney general and *Mr. John W. Hardwick*, for appellee Board of Review.

HILDEBRANT, P. J.   This is an appeal on questions of law in an unemployment compensation case, wherein the entry in the Common Pleas Court recites, "that the decision of the referee and board of review that claimant was not unavailable for work and thereby reversing the decision of the administrator was not unlawful, unreasonable or against the manifest weight of the evidence and should be affirmed."

While it is disputed that claimant became unemployed by reason of dismissal or by reason of having "quit dissatisfied," the record shows employment from March 3, 1948, to February 21, 1950, the date of separation.   The claim for compensation was filed on February 23, 1950.

Thereafter, claimant entered Littleford-Nelson business school on March 15, 1950, as a day student, completing the full course on June 22, 1950.

On the issue of availability for work, the finding of the administrator was as follows:

"Claimant was not available for suitable work during the weeks ending March 18 (No. 11), 1950, through June 22 (No. 25), 1950.   Benefit rights for such weeks are hereby disallowed.

"Allow weeks No. 26, if otherwise valid."

On appeal, the decision of the referee in effect affirmed by the refusal of the board of review to grant to the administrator further appeal, was:

"Issue:   Validity of additional claim (availability for work).

"Law applicable: Section 1345-6-2 (4) & (5) of the Ohio General Code.

"Under the above cited law, the administrator held 'that claimant was not available for suitable work during the weeks ending March 18 (No. 11), 1950, through June 22 (No. 25), 1950. Benefit rights for such weeks are thereby disallowed.' The referee, from the evidence available, is unable to join the administrator in this finding. Claimant made every reasonable effort to find work. Her only reason for attending school was to do so either during the day or night so as to establish herself as more readily assimilatible within the employment market as an accepted employee. The numerous firms contacted resulting in her eventual employment, establishes her availability for work—employability is evidenced by her gaining work on October 3, 1950, through her own efforts.

"There is some question as to the applicability of Ohio General Code 1345-6 d (6) to the instant case. However, in the light of liberal interpretation recently established by the board through appeals docket No. 112937, in re claim of Ellis Thayer Shaffer, as rendered on March 2, 1951, the referee feels that no disqualification should be made under this section of the Ohio General Code. It being fully established that claimant is sufficiently available for work as required under Ohio General Code 1345-6 a (4) and (5) benefit rights will be granted claimant for the period of March 18 (No. 11), 1950, through June 22 (No. 25), 1950, if otherwise eligible. The initial determination of additional claim dated August 25, 1950, is accordingly reversed."

It was the above determination which the Common Pleas Court found not unlawful, unreasonable or against the manifest weight of the evidence, and which was, by its judgment, affirmed.

There is substantial evidence to support the factual recital contained in the brief of appellee, that:

"The following are the facts as determined by the referee.

"Claimant has only recently entered the employment market. At the age of fifty-three she has found this to be difficult. To improve herself, she has sought additional office training with the Littleford Nelson business school. This institution informed her that she could progress with greater speed by taking their day course from 9:00 a. m. to 3:30 p. m. daily. She entered such a course on March 15, and completed it on June 22, 1950. At the time of her registration, it was thoroughly understood that she would be permitted to investigate any potential employment available and further that the school would gladly change her hours of schooling to coordinate with any employment obtainable, *i. e.,* she would be permitted to attend night school if she were able to gain day time employment.

"During claimant's attendance of day school, she constantly investigated potential employment. The plants contacted were the Interchemical Company, U. S. Playing Card Company, the new Ford Plant, Crosley Corporation, Procter & Gamble, Electric Auto Lite, and other prospective employers. After graduation, claimant continued her search for work and was eventually employed on October 3, 1950, with the Westinghouse Supply Company in Cincinnati. She was still employed with this firm on March 13, 1951, the date of the referee hearing."

Claimant's enrollment in the business school inevitably affected her freedom of effort to find suitable employment, reflecting adversely on whether or not she was reasonably available for work under the statute, and this court is critical of the finding of the referee that she was sufficiently available under the statute.

However, while we probably would have reached a different conclusion on availability, we are unwilling to say that the determination of the referee is so manifestly against the weight of the evidence as to require a reversal on that ground.

Section 1345-6 d (6), General Code, provides that no benefits may be paid to a person who "has left his most recent work for the purpose of attending an established educational institution, or if he is a student regularly attending an established educational institution during the school term or customary vacation periods within the school term."

The referee refused to recognize the applicability of that section to this record, largely on the ground that the settled policy of a liberal construction of the act justified a refusal of disqualification under the section.

This we find to be error, and quote with approval from case No. 174325, *Rafferty v. Bureau of Unemployment Compensation,* 6 Commerce Clearing House, Unemployment Insurance Reporter, 38576, Paragraph 8267, as follows:

"Section 1345-6 d (6) Ohio General Code, is very definite and unambiguous, and though this court can see no reason why such a penalty should be attached to a desire for education, yet as long as the statute is there the court cannot judicially amend the law nor change its meaning when that statute is susceptible of only one interpretation."

The judgment is, therefore, reversed, and final judgment is rendered herein in favor of the administrator.

*Judgment reversed.*

HILDEBRANT, P. J., and MATTHEWS, J., concur.