CORNELL, ADM. BUREAU OF UNEMPLOYMENT COMPENSATION, Plaintiff-Appellant, v. DALPIAZ, BOARD OF REVIEW, BUREAU OF UNEMPLOYMENT COMPENSATION, Defendants-Appellees.

Ohio Appeals, Seventh District, Belmont County.

No. 883.  Decided December 11, 1952.

326

C. William O'Neill, Attorney General, and William M. Gemmill, Assistant Attorney General, Columbus, for plaintiff-appellant.

C. William O'Neill, Attorney General, and John W. Hardwick, Assistant Attorney General, Columbus, for defendant-appellee Board of Review, Bureau of Unemployment Compensation.

Paul Waddell, St. Clairsville, for defendant-appellee, Ernest Albert Dalpiaz.

## OPINION

By PHILLIPS, J.

The administrator, Bureau Unemployment Compensation of the State of Ohio, appealed to this court on questions of law from a judgment of the court of common pleas of Belmont county, entered upon a finding of a judge thereof for, and affirming a decision of the Board of Review of that Bureau, which reversed the decision of a referee thereof affirming suspension of benefit rights to appellee, Ernest Albert Dalpiaz.

The administrator contends by assignments of error that "the court erred in finding that the decision of the Board of Review was not unreasonable, unlawful, and against the manifest weight of the evidence, when the Board of Review reversed the decision of the administrator, Bureau of Unemployment Compensation"; and "exceeded its authority, by reason of the jurisdiction imposed upon such court by §1346-4 GC."

Applicant Dalpiaz, who was working regularly for his employer at the time the latter quit business, subsequently applied for but was unable to obtain employment elsewhere. While unemployed he enrolled under the provisions of the Service Men's Readjustment Act in a course on the science of refrigeration taught at the Tri-State Institute, a trade school set up by the Veteran's Administration at Wheeling, West Virginia.

The board based its finding upon the following facts:—

"Prior to entry into the armed forces claimant was employed in coal mines in the vicinity of his home in Lafferty, Ohio, and just prior to filing the present application he was employed as a 'stone man' by Wheeling Township Mining Co., Adena, Ohio. He became unemployed on June 24, 1949, when employer abandoned the operation on which he was working.

"On August 3, 1949, claimant began to attend vocational classes in a course on 'refrigeration' at Tri-State Institute, Wheeling, W. Va., under the

provisions of the Servicemen's Readjustment Act, and he was still attending classes at the time of the Board hearing. During this period he was paid a subsistence allowance of $105 a month.

"Attendance at five class sessions a week was required, but schedules were so set up that claimant could attend either day sessions from 8:00 a. m. to 1:00 p. m., or night sessions from 6:00 p. m. to 11:00 p. m., and he testified that during his course of study he had changed his schedules at least four times.

"Apparently claimant stopped claiming unemployment benefits when he began his course of instructions as aforesaid, but on February 9, 1950, he filed a statement expressing his desire to reopen his claim. It was then that the Administrator suspended benefit rights as of August 3, 1949, the date on which claimant began said course of instruction.

"For a long time prior to filing original application, and at all times since, claimant has resided with his mother, two sisters and 10-year-old brother on a 17 acre farm about ten miles from St. Clairsville, Ohio, and approximately two miles from Wheeling, W. Va., where he attends classes. He testified that he was not engaged in operating said farm, and that the few livestock (two cows and approximately 30 chickens) were cared for by his brother. Originally claimant had no car, and rode to and from his classes with a neighbor who had a car and made a daily trip to Wheeling. Later claimant acquired a car for his own use.

"The aggregate of claimant's undisputed testimony at the two hearings was that during the period in which he was attending classes he was actively seeking work, on either day or night shifts, and that he could arrange his class schedule so as not to conflict with the hours of any work he might secure. He listed nine potential employers he contacted in search of work, and testified that most of these employers were contacted several times. One of said employers (Hanna Coal Co.) submitted a letter stating that claimant had made frequent contacts over a period of a year, seeking employment in its mines, but that no work had been available. He testified that during the time he was attending classes he made at least two work contacts every week, even though the prospective employers (coal mines) were located at widely separated points in southern Ohio.

"About a week prior to the Board hearing claimant secured work through a referral by the employment service. At the time of said hearing·he was working full daytime shifts on said job and was attending his regular classes at night."

Sec. 1345-6d, par. 6, GC, provides:

"Notwithstanding the provisions of subsection (a) of this Section, no individual may serve a waiting period or be paid benefits for the duration of any period of unemployment with respect to which the administrator finds that such individual:

"(6) has left his most recent work for the purpose of attending an established educational institution, or if he is a student regularly attending an established educational institution during the school term or customary vacation periods within the school term."

Sec. 1346-6a, par. 4, GC, provides:—

"No individual shall be entitled to any benefits unless he or she

"(4) is able to work and available for work in his usual trade or

328

occupation, or in any other trade or occupation for which he is reasonably fitted."

The referee and one member of the Board of Review held that **paragraph 6** of §1345-6d GC, controlled. A majority of the Board of Review held that **paragraph 4** of §1345-6a GC, controls; that applicant was able and available for work, and therefore should be paid unemployment benefits.

As stated by the trial judge in his opinion, the question presented to us for consideration and determination "is whether or not these Trade Schools (such as the one in which applicant enrolled) established by the Veteran's Administration come under the classification mentioned in **paragraph 6**. Are such trade schools established educational institutions?"

The word "established" as used in §1345-6d, **paragraph 6, GC**, connotes some degree of permanency. For definition of the word "established" see Muskegon Traction & Lighting Co. v. City of Muskegon, 132 N. W. 1060, 1063, 167 Mich. 331; Hart v. Hart, 110 S. W. 91; State ex rel v. Board of Trust of Vanderbilt University, 164 S. W. 1151; Egan v. Finney, 72 Pacific 133.

Most of the so-called "trade schools" set up by the Veteran's Administration have been discontinued. They lacked the permanency of "established educational institutions," and were not such institutions in any sense.

We conclude, as did the trial judge, as indicated in his opinion, "that the legislature in using the language referred to in **paragraph 6** did not have in contemplation the kind of school which the applicant herein was attending"; that the applicant was able to and available for work during this period (the period during which he made application for payment to him of unemployment compensation); and that "the holding of the Board of Review was neither unreasonable or unlawful."

Further, we conclude that the trial judge did not exceed his authority "by reason of the jurisdiction imposed upon such court by §1345-6a, (4) GC." Further, we conclude, as the trial judge found, that the applicant was able and available for work during the period in question.

The judgment of the court of common pleas is affirmed.

NICHOLS, PJ, GRIFFITH, J concur.