342 P.2d 714

Oliver W. SWANSON, Claimant-Respondent,

v.

EMPLOYMENT SECURITY AGENCY,
Defendant-Appellant.

No. 8728.

Supreme Court of Idaho.

July 15, 1959.

———◆———

Frank L. Benson, Atty. Gen., John W. Gunn, Asst. Atty. Gen. (Graydon W. Smith, former Atty. Gen., on the brief), for appellant.

Carver, McClenahan & Greenfield, Boise, for respondent.

SMITH, Justice.

Appellant Employment Security Agency will be referred to as the agency, respondent Oliver W. Swanson as claimant and the Industrial Accident Board as the board.

Claimant commenced this proceeding to determine whether he was eligible for employment security benefits while attending North Idaho Junior College in Coeur d'Alene, a regular established school. The relevant facts found by the agency's appeals examiner, adopted by the board on review, read as follows:

"Claimant filed an initial claim for benefits effective January 5, 1958. He had been employed at the Northwest Timber Company from November, 1955, through January 8, 1958, and was unemployed because of reduction in force.

"During the time that claimant was employed at Northwest Timber he was working night shift from 4:45 p. m. to 1:30 a. m. Starting with the second semester in January, 1956 (probably an error for 1957—Document 2 in Agency's Administrative file), he enrolled

at the North Idaho Junior College, majoring in education. His classes ran from 8 a. m. to 2:25 p. m. When the first semester ended on January 24, 1958 (although he did not take his examinations until January 29), claimant did not immediately enroll but after surveying the labor market and finding that there were few if any jobs existing, he enrolled as of February 17. At the time of the hearing [March 3, 1958] he was pursuing his course at the college.

\* \* \* \* \* \*

"The claimant, after completing the first semester, made an effort to find other work but, not being successful in this, he again enrolled; and at the time of his hearing [before the appeals examiner], he was a full-time student at the junior college. He was also a full-time student between the time of his being laid off and until after taking his examinations for the semester."

The facts are not in dispute.

I.C. § 72–1312(a), the particular statute involved, reads as follows:

"A week of unemployment with respect to which an eligible benefit claimant shall be entitled to benefits shall be known as a compensable week; provided, however, that *no person shall be deemed to be unemployed while he is attending a regular established*

*school excluding night school.*" (Emphasis supplied.)

The matter for decision by the board on review was whether claimant was eligible for benefits beginning January 8, through the week ending February 1, 1958, and during times thereafter, while attending the college. Based upon the facts as outlined and the statute as applied to those facts the board determined that claimant should be allowed benefits. The agency appealed from the board's determination.

The single question of law involved pinpoints on the interpretation of the portion of I.C. § 72–1312(a), "no person shall be deemed to be unemployed while he is attending a regular established school excluding night school." The board, holding in favor of claimant, ruled that the phrase, "no person shall be deemed to be unemployed," creates a prima facie but rebuttable presumption of ineligibility for benefits, and that claimant had successfully rebutted the presumption, thus entitling him to benefits. The agency asserts such ruling as error.

The words "deem" or "deemed" have been the subject of considerable controversy and in instances have received the interpretation that they create a disputable presumption and not a conclusive one. Cases in this category are: Kleppe v. Odin Tp., McHenry County, 40 N.D. 595, 169 N.W. 313; Moody v. State, 159 Tenn.

245, 17 S.W.2d 919; Sanitary Milk & Ice Cream Co. v. Hickman, 119 W.Va. 351, 193 S.E. 553; Zimmerman v. Zimmerman, 175 Or. 585, 155 P.2d 293; Erickson v. Erickson, 167 Or. 1, 115 P.2d 172; Williamson v. Winningham, 199 Okl. 393, 186 P.2d 644; Brimm v. Cache Valley Banking Co., 2 Utah 2d 93, 269 P.2d 859.

Conversely, many well reasoned decisions indicate the weight of authority to be that the words "deem" or "deemed" create a conclusive presumption. We refer to a few of those decisions.

In the early case of Leonard v. Grant, C.C.D.Or., 5 F. 11, 16, was involved a federal law (19 Stat. 604) which provided that a woman, capable of naturalization, who was now or may hereafter be married to a citizen of the United States, shall be deemed a United States citizen. The Court, in construing the statute as creating a conclusive presumption, i. e., the equivalent to her being naturalized directly by an act of Congress or in the usual mode thereby prescribed, said: "The word 'deemed' is the equivalent of 'considered' or 'judged;' and, therefore, whatever an act of congress requires to be 'deemed' or 'taken' as true of any person or thing, must, in law, be considered as having been duly adjudged or established concerning such person or thing, and have force and effect accordingly."

In Harder v. Irwin, D.C.N.Y., 285 F. 402, 405, was interpreted a provision of the Revenue Act of 1916, § 31(b), as amended by Act October 3, 1917, 40 Stat. 300 (Comp. St. § 6336z), that any distribution made to corporation shareholders "shall be deemed to have been made from the most recently accumulated undivided profits or surplus." The Court held that the word "deemed" must be construed as an absolute requirement or as creating a conclusive presumption. See United States v. Davis, D.C. Mo., 50 F.2d 903, to the same effect.

H. P. Coffee Co. v. Reconstruction Finance Corp., Em.App., 215 F.2d 818, 822, involved the interpretation of a federal regulation, that coffee subsidy payments shall be deemed to have been paid on all coffee the importer had in inventory on termination of the program. The Court, in holding that "deemed" created a conclusive presumption of payment of the subsidy, said:

"It is said that the word [deemed] must be construed as raising only a rebuttable presumption that the subsidy had been paid on all coffee which an importer has in his terminal inventory, and that this presumption disappears on proof by an importer that, in fact, he has received no subsidy payments thereon. This contention flies directly into the teeth of the generally accepted

definitive import of the word 'deemed' and almost unanimous judicial determination that the word, when employed in statutory law, creates a conclusive presumption. E. g., United States v. Davis, D.C., 50 F.2d 903; Harder v. Irwin, D.C., 285 F. 402; Intagliata v. Shipowners & Merchants Towboat Co., Cal.App., 151 P.2d 133, subsequent opinion 26 Cal.2d 365, 159 P.2d 1; King v. McElroy, 37 N.M. 238, 21 P.2d 80; Commonwealth v. Pratt, 132 Mass. 246. See 11 Words and Phrases, Deem, pp. 478–482. Absent qualifying language, or ambiguity, we must give to the word 'deemed', as employed in the emphasized language of paragraph 1(f) (iii), its natural import."

In In re Waldron's Estate, 84 Colo. 1, 267 P. 191, the Court held that the word "deem" created a conclusive presumption as to residence, as used in a statute providing that in the case of a person dwelling in the state for the greater part of any period, he shall be deemed a resident during the twelve consecutive months in the twenty-four months next preceding his death, for the purpose of determining inheritance taxes.

In State v. Holmes, 133 Wash. 543, 234 P. 275, the Court held that a law created a conclusive presumption, which provided that an attorney who failed to register annually and pay a registration fee, "shall be deemed" suspended.

In 26A C.J.S., p. 122, definitions of the word "deemed", taken from many jurisdictions, appear as follows:

"Following the definitions given for the present tense and, of course, depending upon the connection or circumstances of its use, 'deemed' has been variously defined as meaning accounted, adjudged, conclusively considered, considered, declared, decreed, determined, judged, or presumed; accepted as an established fact; construed or interpreted, held, regarded or treated as; taken and considered. 'Deemed' is further defined as meaning conclusively presumed, as distinguished from presumed prima facie; although it has also been held that sometimes the word may connote a prima facie presumption as distinguished from a conclusive presumption.

" 'Deemed' has been held to be equivalent to, or, synonymous with, 'adjudged,' 'considered,' and 'decreed,' and also with 'determined,' 'presumed,' and 'regarded.' "

The text cites the jurisdictions of North Dakota and Virginia wherein the word has been held connoting a prima facie presumption as distinguished from conclusive presumption.

In our own jurisdiction we find one instance, in Powell v. Spackman, 7 Idaho 692, 65 P. 503, 54 L.R.A. 378, wherein was construed the word "deem;" therein this Court, in construing the portion of Idaho Const. art. 6, § 5, reading:

"For the purpose of voting no person shall be deemed to have gained or lost a residence by reason of his presence or absence * * * [then follows certain contingencies]."

ruled as follows:

"The word 'deemed' is the past participle of the transitive verb 'deem,' which is defined by Webster as follows: 'To account; to esteem; to think; to judge; to hold in opinion; to regard.' And it is defined by the same lexicographer, when used as an intransitive verb, as follows: 'To be of opinion; to think; to estimate.' Giving this word its ordinary signification as generally used, it would read in the provision in question thus: 'No person shall be accounted, or no person shall be esteemed, or no person shall be thought to be, or no person shall be judged to be, or no person shall be held in opinion to be, or no person shall be regarded to have gained or lost a residence by reason of his presence or absence at an asylum kept at the public expense, for the purpose of voting."

The Court thus construed the presumption of such constitutional provision as conclusive in that it preserved the voting status of an inmate of the Soldiers' Home at the time of his entry therein, and that the inmate could not, by reason of his mere presence in the Home, acquire a voting right in the county and precinct in which the institution is situate. The Court concluded, "That construction gives force and effect to the language of the provision, and has due regard for the common meaning of the words employed."

This Court has interpreted "shall" as having a mandatory meaning. In Munroe v. Sullivan Mining Co., 69 Idaho 348, 207 P.2d 547, the word received such an interpretation as used in I.C. § 72–1227, which provides that the Industrial Accident Board "shall" select a medical panel in a silicosis case from members of a silicosis panel; and in Miller v. Brinkman, 48 Idaho 232, 281 P. 372, this Court attributed a mandatory meaning to the word, as used in C.S. § 6726 [now I.C. § 5–905], setting forth conditions under which the court "shall" set aside a judgment. See also Hollingsworth v. Koelsch, 76 Idaho 203, 280 P.2d 415; Pierce v. Vialpando, 78 Idaho 274, 301 P.2d 1099.

We now seek the meaning of the phrase "shall be deemed."

In Central Surety & Insurance Corporation v. Marro, 189 Misc. 823, 71 N.Y.S.2d 815, 817, was construed a statute [N. Y. Insurance Law, § 121] providing that an insurer delivering a contract of insurance to a broker shall be deemed to have authorized the broker to receive premiums, due on insurer's behalf, or to become due not more than ninety days thereafter. The Court held that the phrase, "shall be deemed" created a conclusive presumption of authority of the broker to receive payments belonging to the insurer.

In Kerckhoff-Cuzner Mill & Lumber Co. v. Olmstead, 85 Cal. 80, 24 P. 648, the Court construed the phrase, "shall be deemed equivalent to completion," meant in legal effect equal to completion; that is, "for the purpose of filing a lien [shall be treated] as an actual completion,"—a conclusive presumption.

In Irwin v. Pickwick Stages System, 134 Cal.App. 443, 25 P.2d 998, 1000, the Court held that the phrase, "shall be deemed," created a conclusive presumption as used in a statute providing that title to a vehicle shall not be deemed to have passed from a legal owner to another until new certificates of registration and ownership are issued.

In Dilworth v. Schuylkill Imp. Land Co. of Philadelphia, 219 Pa. 527, 69 A. 47, 48, the Court held that expressions, "shall be construed" and "shall be deemed," had been used time out of mind in statutes to import the same as "shall mean."

The cases are few which construe statutes similar in import to our statute, I.C. § 72–1312(a). We shall review the few cases we have been able to find.

In Wyka v. Colt's Patent Fire Arms Mfg. Co., 129 Conn. 71, 26 A.2d 465, claimant left employment to attend a school. The statute provided that an individual should not be eligible for benefits if the administrator found that he had left employment to attend school as a regularly enrolled student. The Court ruled that one who had left employment to become a regularly enrolled student at a university, could only become eligible for benefits upon completing the course of study and again registering for work.

In Cornell v. Dalpiaz, Ohio App., 128 N.E.2d 132, 133, was interpreted a statute which precluded students attending an established educational institution, from receiving unemployment benefits. The applicant for benefits was shown as enrolled in and attending a refrigeration course in a trade school established by the Veterans Administration which, the Court held, was not "an established educational institution" and consequently that the applicant was eligible for benefits because the Ohio legislature in enacting the statute, did not have in contemplation the kind of trade school which the applicant was attending, and be-

cause he was able to and available for work during his attendance in the trade school.

In Cornell v. Schroeder, 94 Ohio App. 75, 114 N.E.2d 595, 597, under the statute which precluded a payment of benefits to a person leaving his most recent work to attend an established educational institution, the Court, in denying benefits to an applicant while attending business school during her period of unemployment, ruled: "Claimant's enrollment in the business school inevitably affected her freedom of effort to find suitable employment, reflecting adversely on whether or not she was reasonably available for work under the statute," and upon ruling that the statute was certain, definite and unambiguous, stated: "the court cannot judicially amend the law nor change its meaning when that statute is susceptible of only one interpretation."

In Acierno v. General Fireproofing Co., 166 Ohio St. 538, 144 N.E.2d 201, the Ohio Court held that "regularly attending" an established educational institution connotes attendance therein as would normally be required to complete the prescribed course for graduation on customary and usual schedules of the institution. There is no such limitation in I.C. § 72–1312(a), since our statute merely provides that no person

"attending" a regular established school shall be deemed to be unemployed.

Again returning to our own jurisdiction wherein this Court, in Powell v. Spackman, supra, has interpreted the word "deem" as creating a conclusive presumption, the connotation of I.C. § 72–1312(a) is that no person shall be accounted, or esteemed, or thought to be, or judged to be, or held in opinion to be, or shall be regarded as unemployed while attending a regular established school excluding night school.

The statute is clear and unambiguous. The intent of the legislature to create the conclusive presumption that those attending a regular established school shall not be regarded as unemployed and shall be ineligible to receive employment security benefits is clearly indicated. This Court cannot judicially amend I.C. § 72–1312(a), nor change its meaning when it is susceptible only of the one interpretation.

The determination of the Industrial Accident Board is reversed.

No costs allowed.

PORTER, C. J., and TAYLOR, KNUDSON and McQUADE, JJ., concur.