545 P.2d 473

Ronald K. KERR, Claimant-Appellant,

v.

DEPARTMENT OF EMPLOYMENT,
Defendant-Respondent.

No. 11854.

Supreme Court of Idaho.

Feb. 3, 1976.

Dennis L. Cain, of Sallaz, Scanlan & Beer, Boise, for claimant-appellant.

R. LaVar Marsh, Asst. Atty. Gen., Boise, for defendant-respondent.

BAKES, Justice.

In this appeal we must consider the constitutionality of portions of the following provision of Idaho's employment security law, I.C. § 72–1301 *et seq.*:

> "72–1312. COMPENSABLE WEEK.— (a) A week of unemployment with respect to which an eligible benefit claimant shall be entitled to benefits shall be known as a compensable week; provided, however, that no person shall be deemed to be unemployed while he is attending a regular established school excluding night school, except where he has been assigned to a refresher or special training course by the director."

Under the authority of I.C. § 72–1312(a), the Industrial Commission denied the claimant appellant Ronald K. Kerr's claim for unemployment insurance benefits because Kerr was attending morning classes at Boise State University during the weeks for which he sought benefits. We conclude that I.C. § 72–1312(a)'s definition of a

compensable week, to the extent that it attempts to distinguish between day and night students in determining eligibility for unemployment compensation benefits, is in violation of the equal protection clause of the Fourteenth Amendment to the Constitution of the United States.

In 1970, four years preceding his claim for unemployment insurance benefits, claimant Ronald K. Kerr became employed full time as an assistant manager at the coffee shop, dining room and airline catering facilities at the Boise Municipal Airport. During this time Kerr's workday regularly began at noon and extended into the evening. He customarily worked between 50 and 60 hours per week. Kerr testified that it was normal in the food service business for a person in his position to work afternoons and evenings and have mornings free.

In the fall of 1971, Kerr began taking morning classes in a business course at Boise State University. He continued taking morning classes the following semesters and was taking morning classes during the summer semester of 1974. That summer the operator of the restaurant was changed and the new management eliminated the position of assistant manager, and Kerr's employment was terminated on June 17, 1974. On the following day he filed a claim for unemployment insurance benefits. The claim was denied because Kerr was then attending morning classes at Boise State University. Kerr appealed this decision within the Department of Employment and then to the Industrial Commission, both of which concluded that they were without authority to consider the constitutionality of I.C. § 72–1312(a), and thus they applied the statute and denied Kerr's claim.

Although the provision in question, which gives differing treatment to persons attending night school and day school, is found in the definition of a compensable week, it is an eligibility requirement for receiving unemployment insurance benefits, and thus, like all other statutory classifications, it must satisfy the equal protection requirements of the Fourteenth Amendment to the Constitution of the United States. The standard which must be applied to determine this question is well known and of long standing:

> "'[T]he Fourteenth Amendment does not deny to States the power to treat different classes of persons in different ways. *Barbier v. Connolly,* 113 U.S. 27, 5 S.Ct. 357, 28 L.Ed. 923 (1885); *Lindsley v. Natural Carbonic Gas Co.,* 220 U.S. 61, 31 S.Ct. 337, 55 L.Ed. 369 (1911); *Railway Express Agency v. New York,* 336 U.S. 106, 69 S.Ct. 463, 93 L.Ed. 533 (1949); *McDonald v. Board of Election Commissioners,* 394 U.S. 802, 89 S.Ct. 1404, 22 L.Ed.2d 739 (1969). The Equal Protection Clause of that amendment does, however, deny to States the power to legislate that different treatment be accorded to persons placed by a statute into different classes on the basis of criteria wholly unrelated to the objective of that statute. A classification "must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike." *Royster Guano Co. v. Virginia,* 253 U.S. 412, 415, 40 S.Ct. 560, 64 L.Ed. 989 (1920).'" *Eisenstadt v. Baird,* 405 U.S. 438, 446–447, 92 S.Ct. 1029, 1035, 31 L.Ed.2d 349 (1972).

In the area of social welfare legislation, if a classification has not been drawn upon traditionally suspect lines such as race, religion, sex, etc., the Supreme Court of the United States has held that the classification does not offend the due process clause of the Fourteenth Amendment of the Constitution of the United States if the classification bears a rational or reasonable relation to the purposes for which the statute was enacted. *Dandridge v. Williams,* 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970); *McGowan v. Maryland,* 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d

393 (1961). However, if the purpose of the statutory classification in question is, as the Department of Employment argues, to protect the integrity of the unemployment insurance fund by making ineligible for unemployment insurance benefits persons who are primarily students and secondarily members of the labor force, this purpose cannot be effectuated by arbitrarily deeming night students to be part time students and day students to be full time students regardless of the hours worked or the time spent in school. As the facts in this case amply demonstrate, there are types of employment in which people normally work full time during the afternoon and evening hours and have their morning hours free. The record discloses that the claimant here was working substantially more than 40 hours a week long before he ever commenced taking morning classes. The Fourteenth Amendment of the Constitution of the United States prohibits the state from denying such a regularly employed person unemployment insurance benefits because he has decided to attend school during his non-working hours in the morning, when persons who work a normal daytime shift are not denied benefits because they have chosen to attend school during their free time at night. Thus, the distinction drawn by I.C. § 72–1312(a) violates the Fourteenth Amendment and the Industrial Commission's conclusions of law denying Kerr benefits upon the authority of I.C. § 72–1312(a) are in error.

■ The order of the Industrial Commission is reversed, and the cause remanded with directions to award claimant Kerr unemployment insurance benefits and reasonable attorney fees for the entire proceedings as authorized in the regulations of the Idaho Department of Employment.

Reversed and remanded. Costs to appellant.

McQUADE, C. J., and McFADDEN, DONALDSON and SHEPARD, JJ., concur.