557 P.2d 637

Marlene G. SMITH, Claimant-Respondent,

v.

DEPARTMENT OF EMPLOYMENT,
Defendant-Appellant.

No. 12172.

Supreme Court of Idaho.

Dec. 23, 1976.

Wayne L. Kidwell, Atty. Gen., Roger B. Madsen, Asst. Atty. Gen., Boise, for appellant.

Marlene G. Smith, pro se.

BAKES, Justice.

These proceedings were initiated by a claim for unemployment compensation benefits. The claimant respondent Marlene G. Smith had worked for several years as a retail clerk in a Boise department store before losing her job through no fault of her own in the spring of 1975. While she had been employed as a retail clerk, she had taken evening classes at Boise State University. After Smith became unemployed, she enrolled for classes in the 1975 summer semester at Boise State. For the first half of the summer semester, she attended class from 7:00 to 9:00 a. m. five days a week; for the second half, she attended class from 7:00 to 8:30 a. m. five days a week. The Department of Employment denied her unemployment compensation benefits for the weeks in which she was attending these early morning classes.

Smith appealed the Department of Employment's denial of benefits to the Industrial Commission. At the hearings before the Industrial Commission and its claims examiner, Smith testified, based upon her experience as a retail clerk, that employment as a department store clerk did not normally begin before 9:30 a. m., so the summer classes she had taken had not affected her availability for work as a retail clerk. No evidence was introduced to rebut this testimony. The Industrial Commission found that Smith was available for work during the weeks that she had taken summer classes and based upon this finding and our decision in *Kerr v. Department of Employment*, 97 Idaho 385, 545 P.2d 473 (1976), awarded her unemployment compensation benefits for those weeks. The Department of Employment appealed to this Court.

The Department argues that I.C. § 72–1312(a) makes Smith ineligible for unemployment compensation benefits because it provides the following:

"[N]o person shall be deemed to be unemployed while he is attending a regular established school excluding night school . . . ."

However, in *Kerr v. Department, supra,* this Court said:

"We conclude that I.C. § 72–1312(a)'s definition of a compensable week, to the

extent that it attempts to distinguish between day and night students in determining eligibility for unemployment compensation benefits, is in violation of the equal protection clause of the Fourteenth Amendment to the Constitution of the United States." 97 Idaho at 385–386, 545 P.2d at 473–474.

The Department acknowledges this decision, but argues that *Kerr* is not controlling. We disagree. So long as a claimant meets all the other relevant statutory requirements for eligibility for unemployment compensation, such as those set forth in I.C. § 72–1366, our holding in *Kerr* prohibits denial of compensation on the ground that the claimant attended school during daytime hours rather than nighttime hours. We disavow any language in *Swanson v. Employment Security Agency,* 81 Idaho 385, 342 P.2d 714 (1959), which requires a contrary result, particularly the language creating the so-called "conclusive presumption." *Id.*, at 393, 342 P.2d 714.

In this case the Industrial Commission found that Smith's class attendance would not have interfered with employment in her usual occupation and had not affected her availability for full time work. That finding was supported by the evidence and is affirmed. I.C. § 72–1368(i); Idaho Constitution, Art. 5, § 9. Therefore, Smith met I.C. § 72–1366(d)'s eligibility requirement of being "able to work, available for suitable work, and seeking work," and was entitled to benefits.

Judgment affirmed. Costs to respondent.

McFADDEN, C. J., and DONALDSON, SHEPARD and BISTLINE, JJ., concur.