580 P.2d 70

**David J. IMEL, SSA: 543 36 8077,
Claimant-Appellant,**

v.

**DEPARTMENT OF EMPLOYMENT,
Defendant-Respondent.**

No. 12463.

Supreme Court of Idaho.

Feb. 7, 1978.

David J. Imel, pro se.

Wayne L. Kidwell, Atty. Gen., R. LaVar Marsh, Deputy Atty. Gen., Roger B. Madsen, Asst. Atty. Gen., Boise, for defendant-respondent.

DONALDSON, Justice.

David Imel has been a public school teacher for the past nineteen years and has been employed in the Boise schools for the past nine years. Imel signed a contract for the 1975 through 1976 year and at the time was also guaranteed a contract for the subsequent school year. The school term enumerated was 194 days, running from August 28, 1975 to June 4, 1976. On May 21, 1976, Imel signed a contract for that second year, his work to commence September 2, 1976 and to end June 8, 1977.

Both contracts provided that Imel was to be paid monthly, for twelve months, even though his teaching duties were for about nine months. Therefore, Imel received a paycheck every month from September 1975 through August 1977. Imel testified that he was paid over a twelve month period instead of a nine month period for public school retirement fund reasons.

Imel's teaching duties ended June 6, 1976 for that school year and two days later he applied to the Idaho Department of Employment for Special Unemployment Assistance, a federally funded program. On July 14, 1976 he was determined to be ineligible for Special Unemployment Assistance because "[A] teacher who taught during the last semester and has a contract to teach in the upcoming semester is not considered to be unemployed."

Imel protested this denial and the Department of Employment stated they were bound by federal regulations governing that program. He appealed to the Idaho Industrial Commission, contending the law was "discriminatory."

Imel's claim on appeal was denied after a hearing before the Industrial Commission. The Commission found that Imel's duties as a teacher are not covered employment un-

der Idaho law (I.C. § 72–1316) and that teachers were specifically exempted from the federal law (P.L. 93–567, 88 Stat. 1850, Dec. 31, 1974) which established the Special Unemployment Assistance program.

Imel appeals this ruling, contending that the law is unconstitutional because it is discriminatory as applied to teachers.

The law setting up the Special Unemployment Assistance program is clear on the status of school teachers:

"(b) An individual who performs services in an instructional, research, or principal administrative capacity for an educational institution or agency shall not be eligible to receive a payment of assistance or a waiting period credit with respect to any week commencing during the period between two successive academic years (or, when the contract provides instead for a similar period between two regular but not successive terms, during such similar period) if—

(1) such individual performed services in any such capacity for any education institution or agency in the first of such academic years or terms; and

(2) such individual has a contract to perform services in any such capacity for any educational institution or agency for the later of such academic years or terms."

P.L. 94–45, 89 Stat. 240, 26 U.S.C. 3304 notes (June 30, 1975).

Imel bases his argument on our decision in *Kerr v. Department of Employment*, 97 Idaho 385, 545 P.2d 473 (1976). In that case, as in *Smith v. Department of Employment*, 98 Idaho 43, 557 P.2d 637 (1976), we held it was an arbitrary denial of due process and equal protection to classify students as part-time or full-time depending on whether they attended classes during the day or night. Because this denial was a violation of the Fourteenth Amendment, the statute was unconstitutional.

Imel argues that it is likewise a denial of equal protection to rule him ineligible for unemployment benefits simply because he is a teacher. This argument is not persuasive in light of recent United States Supreme Court rulings.

In a per curiam opinion, the United States Supreme Court reversed our *Smith* decision in *Department of Employment v. Smith*, 434 U.S. 100, 98 S.Ct. 327, 54 L.Ed.2d 324 (1977). They held the statute in question there passed the "reasonable basis" test for equal protection requirements.

"The legislative classification at issue here passes this test. It was surely rational for the Idaho Legislature to conclude that daytime employment is far more plentiful than nighttime work and, consequently, that attending school during daytime hours imposes a greater restriction upon obtaining full-time employment than does attending school at night. In a world of limited resources, a State may legitimately extend unemployment benefits only to those who are willing to maximize their employment potential by not restricting their availability during the day by attending school. * * * The fact that the classification is imperfect and that the availability of some students desiring full-time employment may not be substantially impaired by their attendance at daytime classes does not, under the cases cited *supra*, render the statute invalid under the United States Constitution." *Id.* at 328.

Similarly, it must be concluded rational for the United States Congress to deny benefits to school teachers between school years. The Special Unemployment Assistance program was set up to counter the severe unemployment problem that beset the nation in 1974.[1] It is clear from the legislative history that congress did not consider teachers between terms as those facing this economic crunch. Therefore they were not among those the Special Unemployment Assistance program was designed to reach.

Affirmed.

SHEPARD, C. J., and McFADDEN, BAKES and BISTLINE, JJ., concur.

1. See H.R.Rpt. No. 1528, 93rd Cong., 2d Sess. (1974).